[Civ. No. 5890. First Appellate District, Division One.—September 12, 1927.]

MABEL LILLIAN McKEEVER, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

William Schreider for Petitioner.

Entenza & Gramer for Respondents.

TYLER, P. J.—*Certiorari* to review an order setting aside and vacating an interlocutory decree of divorce. So much of the facts as are necessary for a discussion of the case show in substance that petitioner herein filed an action for divorce in San Mateo County against Myron L. McKeever, charging him with cruelty and praying that the community property be awarded to her. Defendant was personally served with summons but failed to plead and an interlocutory decree of divorce was granted plaintiff, the decree being entered October 3, 1924. Among other things, the decree awarded plaintiff all of the property owned by defendant, consisting in part of equities in two houses in Redwood City and certain valuable oil-producing land in Orange County, California. Thereafter, on September 22, 1925, defendant moved to vacate and set aside the decree, charging that it had been obtained through the fraud and conspiracy of the plaintiff and one Charles L. Muney. The several affidavits in support of the motion alleged the practice of both intrinsic and extrinsic fraud on the part of plaintiff and Muney. They recited that defendant was never legally married to the plaintiff; that she and one Charles L. Muney, with whom

she was carrying on illicit relations, knew this to be true, and for the purpose of obtaining defendant's property they conspired to institute the divorce suit, and during defendant's absence to obtain a decree awarding Mabel McKeever his property, by representing to the court that the parties were legally married and that said property was community in character, which scheme they successfully carried out in the procurement of the divorce. Further recitals were to the effect that when plaintiff became aware of the divorce action he discussed the matter with both plaintiff and Muney and accused them of knowing that there was no existing marriage between himself and plaintiff; he also informed them that the suit had jeopardized his property in Orange County, to which place he would have to immediately repair to refinance a loan which existed against it. His affidavit further recites that both Muney and the plaintiff then told him to return to Orange County and attend to his affairs, and that no steps would be taken in the action by them until after his return. That, relying upon this agreement, he left to attend to his business and shortly after his departure the case was brought to trial and plaintiff and Muney, as her corroborating witness, testified that plaintiff and defendant were legally married; that all of the property owned by defendant was community property, which was of little or no value; that upon this false evidence they procured and caused to be entered the decree complained of. Upon the showing made by defendant the court on November 12, 1925, vacated and set aside the decree. Thereafter certain proceedings were had in the case. An answer and cross-complaint were filed by defendant, and a demurrer was interposed by plaintiff to the cross-complaint and hearings were had on certain applications, but the action itself was never set for trial. No steps were ever taken by plaintiff to appeal from the order setting aside the decree, made and entered on November 12, 1925, nor was any attempt ever made by her to review such action until some nineteen months thereafter, when, on June 6, 1927, the present proceeding was instituted. Under these circumstances it is the claim of respondent that plaintiff acquiesced in the order setting aside the decree and therefore impliedly waived her right to have the order reviewed by the appellate courts. It is also claimed that plaintiff should have appealed from the

order if she was dissatisfied with the same, failing in which she has lost her right to have the action of the lower court reviewed by *certiorari*. (Citing *Postal Telegraph Co.* v. *Superior Court*, 22 Cal. App. 774 [136 Pac. 538]; *Snyder* v. *Plummer*, 174 Cal. 204 [162 Pac. 1040].) Petitioner contends that by reason of section 473 of the Code of Civil Procedure, the court was without jurisdiction to interfere with the decree after six months from its entry. There is no merit in this contention. ■ A court of general jurisdiction has inherent power to set aside a judgment obtained through a fraud upon the court, and its right to do so is not derived from section 473 of the Code of Civil Procedure, and the same may be exercised after the lapse of the statutory time, which limits the entertainment of applications based upon surprise, inadvertence, etc., provided that such motions are made within a reasonable time. ■ What is a reasonable time is a matter of sound legal discretion in the court in which the motion is made. *McGuinness* v. *Superior Court*, 196 Cal. 222 [40 A. L. R. 1110, 237 Pac. 42], where the cases upon the subject are reviewed and exhaustively discussed. (See, also, *Estate of Seamen*, 51 Cal. App. 411 [196 Pac. 928].) ■ Here not only intrinsic but extrinsic fraud was charged, whereby defendant was kept away from court upon a false promise, which prevented a real contest on the trial or hearing of the case, and the trial court was warranted in setting aside the decree. ■ Moreover, plaintiff is guilty of laches. The present application was filed some nineteen months after the order was made, and after petitioner had acquiesced in it as above indicated and no appeal was ever taken by her from the order. Under such circumstances *certiorari* will not lie. (*Snyder* v. *Plummer*, 174 Cal. 204 [162 Pac. 1040].)

The writ is denied.

Cashin, J., and Knight, J., concurred.