[L. A. No. 13099. In Bank.—May 1, 1933.]

GEORGE CHIARODIT, Sr., Appellant, v. SUSIE CHIA-RODIT, Respondent.

Roland Rich Woolley for Appellant.

Willard G. Cram and S. M. Bernard for Respondent.

THOMPSON, J.—This is an appeal from an order setting aside the default of defendant in a divorce action and vacating an interlocutory decree, and ordering plaintiff to pay to the defendant $400 for medical and hospital bills. On April 8, 1930, the appellant commenced an action against the defendant alleging that she had been guilty of extreme cruelty and seeking a severance of the matrimonial ties. He also alleged a prenuptial agreement by which defendant released all claims to any property then owned by him or which he might thereafter acquire. Respondent appeared by a demurrer to the complaint which was sustained by the court on April 29, 1930. Not until June 4, 1930, did the appellant file an amended complaint. On June 16th the default of respondent was entered and on June 20, 1930, the court granted appellant an interlocutory decree, which was entered June 23, 1930. On May 22, 1930, the parties by an executed agreement canceled the prenuptial agreement and settled their property rights. However, on December 19, 1930, respondent served and filed a notice of motion to set aside the default, vacate the interlocutory decree, and for an order for the support of respondent and an unborn child. The notice was accompanied by affidavits and a proposed answer, and fixed the time for making the motion for the thirtieth day of December. The motion was referred to a court commissioner for a hearing and report and after such hearing the court practically adopted the report of the commissioner and made the order from which this appeal is taken.

Several reasons are urged by appellant why we should reverse the order. They are in effect as follows: (1) there was no finding or any evidence sufficient to support a finding of fraud; (2) there was no evidence to support and, in truth, no finding of a condonation between the parties; (3) the findings of the commissioner are not sufficient to warrant the order; (4) the notice was not given within the time required by law; and (5) the commissioner should not have found that appellant was the father of the unborn child because that fact was not in issue.

A preliminary discussion with respect to the procedure will obviate the necessity of considering the arguments of appellant *seriatim*. Had the motion of respondent been

heard by the judge instead of having been referred to the commissioner the contentions of appellant regarding the certainty and definiteness of the findings would not be advanced. The question would be, were the averments of fact sufficient to support the order? So here, we are concerned not so much with form, as with substance, which conclusion is demonstrated by the following observations. ■ It has been held with regard to the report or findings of a referee appointed pursuant to the provisions of sections 638 or 639 of the Code of Civil Procedure that where the whole case is tried by the referee his findings take the place of the decision by the court and become a part of the judgment-roll, but where a collateral matter, for the information of the court, is referred to him for a report, such findings are not indispensable, and a finding with respect to a fact does not become binding on the court until and unless adopted by it. (*Harris* v. *San Francisco Sugar Refining Co.*, 41 Cal. 393, 404; *Faulkner* v. *Hendy*, 103 Cal. 15 [36 Pac. 1021]; *Clark* v. *Millsap*, 197 Cal. 765, 784 [242 Pac. 918]; *Lewis* v. *Grunberg*, 205 Cal. 158 [270 Pac. 181]; *Barker Bros., Inc.*, v. *Coates*, 211 Cal. 756 [297 Pac. 8]; *National Brass Works* v. *Weeks*, 92 Cal. App. 318 [268 Pac. 412]; *Schefski* v. *Anker*, 216 Cal. 624 [15 Pac. (2d) 744].)

■ Section 259 of the Code of Civil Procedure provides in subdivision 2 thereof that court commissioners shall have power ''To take proof and report his conclusions thereon as to any matter of fact other than an issue of fact raised by the pleadings, upon which information is required by the court; but any party to the proceedings may except to such report within five days after written notice that the same has been filed, and may argue his exceptions before the court on giving notice of motion for that purpose.'' Section 259a of the Code of Civil Procedure, defining powers, in addition to those conferred by the section from which we have just quoted, for commissioners in counties having a population of nine hundred thousand or more, contains subdivisions 2 and 5 thereof, which read as follows:

''2. *To take proof and make and report his findings* thereon as to any matter of fact upon which information is required by the court; but any party to any contested proceeding may except to such report within five days after written notice that the same has been filed, and may argue

his exceptions before the court on giving notice of motion for that purpose;

"5. [Divorce proceedings.] When ordered by the court appointing him so to do, to hear, and report his findings and conclusions to the court for approval, rejection or change, all preliminary matters including motions or petitions for the custody and support of children, the allowance of temporary alimony, costs and attorney's fees, and issues of fact in contempt proceedings in divorce, maintenance and annulment of marriage cases;"

It will be noticed that the procedure which the commissioner is to follow is in all of its essential features the same as that to be followed by the referee, for which reason the rules of law ought to be the same. ■ And this is particularly manifest when we consider that there is no occasion in such instances as the one now before us for the court to make findings. Hence, it may be inquired why there is necessity for formal findings by the commissioner. We conclude that we may look to the facts averred as well as those testified to, for support for the order, the same as though the court had not asked for the assistance of the commissioner.

We may, therefore, reframe the propositions to be answered as follows: (1) were the facts sufficient to warrant a conclusion that there was fraud practiced upon the court? (2) was the notice to set aside the interlocutory decree given in time to vest the court with jurisdiction to vacate the decree? (3) did the facts justify the order? and (4) was it improper for the court to conclude that appellant was the father of the unborn child?

■ In substance, it is established by the averments of the affidavit of the respondent and her testimony, corroborated by others, that on or about May 8, 1930, the appellant proposed to respondent that he be permitted to go ahead with the divorce but that they live together as though they were married, which suggestion was rejected by defendant; that thereafter and about the 25th of May the respondent agreed to live and cohabit with appellant, and as man and wife, upon his express promise that everything in the past should be condoned, and that he would provide her a home; that between May 25, 1930, and July 20, 1930, appellant and respondent lived together as man and wife

and had numerous acts of sexual intercourse; and that on or about May 30, 1930, the respondent conceived a child as a result of the foregoing relations with appellant, which fact appellant knew before the interlocutory decree was obtained. The foregoing recitals are ample to show fraud, when we consider that notwithstanding them appellant appeared before the court on June 20, 1930, and without disclosing any of the recited facts, testified and induced the court to grant him an interlocutory decree. In *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110], it was held that the concealment of the resumption of marital relations constituted a fraud upon the court. It could not be otherwise. The books are full of statements to the effect that the state is interested in the marital status. It certainly is concerned with the welfare of children which may be born as the result of the re-established union, and to conceal such facts from the court constitutes a fraud upon the court and the adverse party.

We now turn to consider whether the notice to set aside and vacate the decree was timely given. The notice was served before the expiration of six months but the time set for making the motion fell beyond the limit of section 473 of the Code of Civil Procedure. Those authorities which hold that the motion must actually be made within the period are beside the point in the present case for the reason that here the fraud established by the showing of the respondent was extrinsic (*McGuinness* v. *Superior Court*, *supra*; *Tomb* v. *Tomb*, 120 Cal. App. 438 [7 Pac. (2d) 1104]), and it has been determined that where it is of that character, the court has the inherent power to set aside the decree regardless of the limitations prescribed by section 473. (*McGuinness* v. *Superior Court*, *supra*; *Aldrich* v. *Aldrich*, 203 Cal. 433 [264 Pac. 754]; *McKeever* v. *Superior Court*, 85 Cal. App. 381 [259 Pac. 373]; *Tomb* v. *Tomb*, *supra*.)

We have found that one part of the order was supported. We shall consider the other parts. Appellant says that the order staying the entry of the final decree is inconsistent with that part vacating the interlocutory decree. We grant that the former is unnecessary and superfluous but it is not inconsistent. There is nothing with respect thereto of which to complain.

■ He also says that provision should not have been made for physician's and hospital bills attending the birth of the child. The affidavit of the defendant and of her physician both establish the necessity of such expenditures. It is well settled that a property settlement between husband and wife does not deprive the court of jurisdiction to make provision for the support of the children. Equally so it should not deprive the court of the power to provide for the well being of the unborn child even though the ministration must be through the medium of the mother.

■ Appellant's concluding argument that the court should not have determined the paternity of the child is to all intents and purposes answered by our preliminary discussion herein. It is only necessary to point out, in addition to what has been said, that such conclusion was only preliminary for the purpose of enabling the court to decide whether provision should be made for physician's and hospital bills during the pendency of the action. It is not final and does not conclude any rights the appellant may possibly have.

Orders affirmed.

Seawell, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.