[Civ. No. 10567.  First Appellate District, Division Two.—October 14, 1937.]

MAYZELLIA ANN THOMPSON McCARTHY, Appellant, v. CHARLES F. McCARTHY, Respondent.

R. A. Rogers for Appellant.

Henry E. Barbour, William B. Backlund, Paul A. McCarthy and Stearns, Luce, Forward & Swing for Respondent.

SPENCE, Acting P. J.—This is an appeal from an order of the trial court denying plaintiff's motion to set aside the interlocutory and final decrees entered in an action for divorce.

The interlocutory decree was entered on February 21, 1917, and the final decree was entered on March 8, 1918. Plaintiff claims that the final decree was "secretly entered" after the parties had resumed marital relations.  It appears,

however, from the recitals in said final decree that it was entered upon "the motion of the attorney for plaintiff". It further appears that on May 21, 1918, plaintiff made an affidavit charging defendant with contempt of court and that in said affidavit plaintiff alleged "that on or about March 8th, 1918, said final decree was signed and entered herein". The defendant died on June 27, 1935, and it was not until March 16, 1936, that plaintiff filed her notice of motion seeking an order setting aside said decrees. Plaintiff attempted to show by the affidavits accompanying her motion that the final decree had been obtained through fraud but the trial court denied the motion and it appears from the opinion of the trial court that it based its action upon the ground that the motion had not been made within a reasonable time.

We find no error in the trial court's ruling. Plaintiff cites and relies upon *McGuinness* v. *Superior Court,* 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110], and other authorities holding that under certain circumstances the trial court has the inherent power to set aside its decrees after the expiration of the six months' period provided by section 473 of the Code of Civil Procedure. This may be conceded, but the measure of the power is not necessarily the measure of the duty of the trial court. As indicated in the McGuinness case, a party seeking to set aside a decree after the six months' period has elapsed must act within a reasonable time and if a party fails to act within a reasonable time, the trial court is under no duty to grant the motion to set aside the decree and the moving party may not complain of the trial court's ruling denying the motion. As stated at page 232 in the McGuinness case, "What is a reasonable time is a matter of sound legal discretion in the court in which the motion is made." (See, also, *McKeever* v. *Superior Court,* 85 Cal. App. 381, 384 [259 Pac. 373].) In the event of a denial of the motion, the question before the court on appeal is whether the trial court abused its discretion in determining that the motion was not made within a reasonable time.

It cannot be said that the trial court abused its discretion in making such determination in the present case. The final decree of divorce was entered in March, 1918, being shortly after the expiration of the year following the entry of the interlocutory decree. If the final decree was not entered on motion of plaintiff's attorney, as shown by the record, it appears that plaintiff had actual knowledge of the

entry thereof in May, 1918, when she alleged the entry thereof in her affidavit charging defendant with contempt. Her motion to set aside said decree was not filed until March, 1936, almost eighteen years after plaintiff admittedly had knowledge of the entry of the final decree and over eight months after the death of defendant. While plaintiff set forth in her affidavits certain facts for the purpose of showing an excuse for her long delay, the trial court was justified in concluding that the showing was wholly insufficient for that purpose.

The order is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 13, 1937.