[Civ. No. 2056.   Fourth Appellate District.—November 8, 1937.]

In the Matter of the Estate of CHARLES F. McCARTHY, Deceased. MAYZELLIA ANN McCARTHY et al., Appellants, v. KATE A. SCHWERIN et al., Respondents.

W. S. Staley, Lewis R. Kirby and George A. Mallette for Appellants.

Stearns, Luce, Forward & Swing, Henry E. Barbour and William A. Backlund for Respondents.

MARKS, J.—Three separate appeals have been taken by Francis C. McCarthy and Mayzellia Ann McCarthy from various orders and decrees made in the *Matter of the Estate of Charles F. McCarthy, Deceased.* They are submitted on a single set of briefs and counsel have stipulated that they may be consolidated. As the orders were made by different judges, and for our own convenience, we prefer to decide the appeals separately.

This is an appeal from an order admitting the will of Charles F. McCarthy to probate and appointing Kate A. Schwerin executrix thereof. The notice of appeal also specifies an appeal from an order of May 14, 1936, made by the Honorable Arthur L. Mundo denying the right to hear a petition for probate of a lost or destroyed will. We find no such order in the record. One of the companion appeals is from an order of the Honorable L. N. Turrentine made on June 12, 1936, denying probate of this lost or destroyed will. It is evident that the attempted appeal from this order in this cause is premature and must be dismissed. We will consider that matter on the appeal from the later order of Judge Turrentine.

Charles F. McCarthy and Mayzellia Ann McCarthy were married in 1903. On March 13, 1914, she instituted an action for divorce. On February 21, 1917, she was given an interlocutory decree of divorce. On March 8, 1918, she was given a final decree of divorce on motion of her own counsel. She

recently moved to set aside both decrees, but this motion was denied by the superior court. Its order has just been affirmed on appeal. (*McCarthy* v. *McCarthy, ante,* p. 151 [72 Pac. (2d) 255].) It follows that Mayzellia Ann. McCarthy is not now the widow of deceased.

Charles F. McCarthy died testate on June 27, 1935, in the city of San Diego. He left an holographic will dated April 23, 1924, in his safe deposit box in the Bank of America National Trust and Savings Association. On its discovery the will was filed without petition to probate in the office of the county clerk of San Diego County. This will left decedent's furniture in San Mateo to his son and bequeathed the balance of his estate equally to Francis C. McCarthy, his son, Mrs. Kate A. Schwerin, his sister, and Charlotte M. Morrow. Mrs. Schwerin was nominated executrix without bonds.

On July 30, 1935, Francis C. McCarthy was appointed special administrator of his father's estate. About August 7, 1935, Mrs. Schwerin filed her petition for appointment as executrix of the will of 1924 and its admission to probate. On August 23, 1935, Francis C. McCarthy filed a contest to the appointment of Mrs. Schwerin as executrix and sought his appointment as administrator of the estate with the will annexed. On January 3, 1936, Francis C. McCarthy filed an amended pleading in which he contested the probate of the will of 1924 on many grounds. Among other things, it was alleged in this pleading "that said document dated April 23, 1924, filed as aforesaid, purporting to be the last will and testament of the said decedent, and now offered for probate by the said Kate A. Schwerin and the said Charlotte M. Morrow, is not the last will and testament of said decedent". It was also alleged in this pleading that "deceased was not of sound mind and memory on the 23rd of April, 1924, nor for a long period of time prior thereto, nor for a long period of time thereafter until the date of his death, by reason of his mental and physical ailments and sickness as hereinabove set forth".

On August 23, 1935, Mayzellia Ann McCarthy filed a contest of the probate of this will, alleging that she was the widow of deceased. Her contest was principally based on the alleged undue influence of Charlotte M. Morrow over deceased at the time the will was executed.

It is admitted in the briefs that the petition to probate the will and the contests were first set for hearing on January 18, 1936; that to permit contestants to take depositions it was continued to February 18, 1936. On that date it was again continued to March 17, 1936, as a demurrer of contestants to the answer of proponents had not been ruled upon. On that date contestants appearing by counsel, specially, moved for a further continuance. The motion was resisted, but the case was continued to March 25, 1936. On that date the contestants again moved for a continuance, which motion was resisted. The court took the testimony of three witnesses of proponents of the will and continued the cause to April 15, 1936. On April 13, 1936, contestants again moved for a continuance and the motion was again resisted and was denied. On April 15, 1936, the motion for continuance was renewed and contested. We find that at that time the following colloquy occurred between the court and counsel for contestants:

"The COURT: I said it once before we are not going to have any more continuances— Miss LEEP: Make it an order, if Your Honor please, that we won't have any more. The COURT: But I do not want it said that we are trying to rush this case through to a conclusion. I want this matter heard properly and I want everybody who has anything to say in the matter to come forth and say it and I want counsel to be expeditious in the procuring of these depositions. Miss LEEP: I certainly will. The COURT: You assure me that you will go to trial on the 15th of May? Miss LEEP: On the 15th of May, meaning that by order there will be no further continuance. The 15th—that is a bad day,—that is a Friday, but then it won't take more than one day maybe. Supposing we make it the 14th, if Your Honor please, that would give us Thursday and Friday if necessary. This is shortening my time one day if you have nothing else for that day? The COURT: Upon the condition stated, the contest will be continued until May 14th, at 10 o'clock. Miss LEEP: Thank you very much."

On May 14, 1936, contestants appeared and again moved for a continuance of the case. The motion was denied and the court took the evidence of the proponents of the will of April 23, 1924. The contestants offered no evidence and the cause was submitted over the objection of their attorneys.

The will was admitted to probate and Kate A. Schwerin was appointed executrix.

On May 14, 1936, Francis C. McCarthy filed a petition for probate of a lost or destroyed holographic will. A copy of this will was attached to his petition. The copy was dated December 27, 1934, and did not contain the signature of any witness. This petition was set for hearing on June 12, 1936.

■ The evidence offered by the proponents of the will of April 23, 1924, is legally sufficient to support the order admitting it to probate and appointing Mrs. Schwerin executrix. The only legal ground that can be urged for a reversal of this order is the refusal to grant a further continuance on May 14, 1936.

The various continuances were asked and secured on the grounds of the rapid changes of counsel and of the illness of Francis C. McCarthy. About every time the case was called he was represented by a different attorney or firm of attorneys. Of course, each new counsel was not prepared for trial. Mrs. McCarthy was not represented by counsel until May 14, 1936, except by counsel appearing specially to obtain continuances. From the record it would appear that contestants had taken no steps to prepare for trial at any time up to May 14, 1936.

■ The rule by which we must measure the action of the trial judge in this case, in refusing to grant contestants a further continuance on May 14, 1936, is clearly set forth in 5 California Jurisprudence, page 968:

"As a general rule, courts are indulgent and liberal in granting continuances, and it has been said that they are seldom or never appealed to in vain in a proper case. Even where it is simply expedient that a continuance should be had, and much more where any necessity for it exists, they will not deny a postponement. However, it is a settled rule of practice that an application for a continuance is addressed to the sound discretion of the trial court, and its ruling will not be reviewed except for the most cogent reasons. The trial court is apprised of all the circumstances of the case and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate court; and when it exercises a reasonable, and not an arbitrary discretion, its action will not be dis-

turbed. It follows that an abuse of discretion must be shown to justify a reversal of the judgment because of a ruling on such matters. Thus it has been held that the sickness of a party to an action, preventing his attendance on the court, does not *ipso facto* require the court to grant an application for a continuance, made on his behalf; especially where the showing before the court fully justifies the conclusion that injustice will be as likely to follow from the granting of the continuance as from its refusal. Nor does the absence of a party always furnish ground for a continuance. It has likewise been held that the granting or refusing a continuance on account of the illness or absence of counsel is a matter which rests largely, if not wholly, in the discretion of the trial court, and such discretion will not be reviewed unless it is clearly shown to have been abused. The rule as to review of the exercise of discretion applies with equal force where the continuance is requested for the purpose of enabling a party to procure the presence and testimony of absent witnesses; and it must therefore be made to appear very clearly that such discretion has been abused before the cause will be reversed on appeal.'' (See cases there cited, and those cited in 4 Ten-Year Supp., p. 32, sec. 5.)

When, by the rules thus announced, we measure the discretion exercised by the trial court in refusing to grant a further continuance on May 14, 1936, we cannot conclude that there was an abuse of discretion. It is clear from the statement of counsel that much of the evidence of contestants would of necessity have to be produced in the form of depositions. During the several months that had elapsed between the time the case was first set for trial and the final action by the trial court nothing was done to prepare the case of contestants for trial. There was no showing of diligence on their part.

The purported appeal in this case from a purported order denying a hearing of a petition to probate a lost or destroyed will is dismissed as that question is not involved in this appeal.

The order admitting the will of April 23, 1924, to probate and appointing Kate A. Schwerin executrix thereof is affirmed. Appellants to pay costs of appeal.

Barnard, P. J., and Jennings, J., concurred.