[Civ. No. 2375.   Fourth Appellate District.—December 21, 1939.]

In the Matter of the Estate of CHARLES F. McCARTHY, Deceased.   FRANCIS C. McCARTHY, Appellant, v. KATE A. SCHWERIN, as Executrix, etc., Respondent.

Lewis R. Kirby and George A. Malette for Appellants.

Luce, Forward & Swing, Henry E. Barbour and William B. Backlund for Respondents.

MARKS, J.—This is an appeal by Francis C. McCarthy, son of Charles F. McCarthy, deceased, from an order settling the final account of the executrix of the last will and testament of Charles F. McCarthy, deceased, and from the decree of final distribution. ■ Appellant has attempted to appeal from an order denying his motion for new trial. Such an order is not appealable. (Sec. 1240, Prob. Code.) Mayzellia Ann Thompson McCarthy has attempted to appear in this appeal. Francis C. McCarthy is the only appellant named in the notice of appeal. Mrs. McCarthy has no interest in the estate nor in its property. (McCarthy v. McCarthy, 23 Cal. App. (2d) 151 [72 Pac. (2d) 255]; Estate of McCarthy, 23 Cal. App. (2d) 389 [73 Pac. (2d) 910]; Estate of McCarthy, 23 Cal. App. (2d) 395 [73 Pac. (2d) 913]; Estate of McCarthy, 23 Cal. App. (2d) 398 [73 Pac. (2d) 914].)

We have disregarded the glaring deficiencies in appellant's briefs and have carefully studied the entire record. With a single exception we have found nothing that requires any comment here. With that exception the evidence supports the findings and the findings support the order and decree.

Under date of December 23, 1937, Kate A. Schwerin, Charlotte M. Morrow and Francis C. McCarthy, the legatees named in the will of deceased, entered into a contract settling pending litigation and agreeing to give Francis C. McCarthy certain property and money from the estate as his distributive share thereof and in settlement of the litigation and in full payment of his interest in the estate. This contract required him to pay the inheritance tax on his portion of the estate property. Mayzellia Ann Thompson McCarthy joined in this agreement and was paid $500 by Kate A. Schwerin and Charlotte M. Morrow for relinquishing all claims she might have had on the estate and its property and for joining Francis C. McCarthy in a quitclaim deed to certain real property. Francis C. McCarthy was paid $2,500 for executing this deed.

Under date of December 24, 1937, a decree of partial distribution was rendered. It distributed to Francis C. McCarthy, without condition or reservation, the property set

aside to him in the contract. This decree has long since become final. Among other things it distributed to him the following property: "Ten (10) shares Ambassador Hotel Company of Los Angeles Participating Certificate in Respect of Capital Stock;" . . . "The following personal property now in the house at 352 San Antonio Avenue:

"One French living room table;

"Six (6) chairs;

"Two (2) pedestals;

"One (1) chest;

"One (1) painting—large forest fire scene;

"One (1) painting—still life, with shell, Bible, etc.;

"One (1) painting—small water color, Italian girl's head;

"One (1) gold watch which belonged to the said Charles F. McCarthy at the time of his death;

being the property referred to and described in the last will and testament of Charles F. McCarthy, Deceased, and bequeathed to the said Francis C. McCarthy."

By a receipt dated December 24, 1937, and January 26, 1938, and filed January 27, 1938, Francis C. McCarthy acknowledged receipt of all property distributed to him except as follows: "It is further understood between said distributee and the said special administratrix that there will be delivered to the said Francis C. McCarthy ten (10) shares of the Ambassador Hotel Company of Los Angeles Participating Certificate in Respect of Capital Stock as soon as the same can be transferred into his name by the said special administratrix, and that the furniture described in said decree of partial distribution located at 352 San Antonio Avenue will be delivered to the said Francis C. McCarthy upon his request." We find no mention in this receipt of the pictures and gold watch distributed to him.

Objections to the final account and petition for distribution were filed by Francis C. McCarthy and a hearing was had on December 12, 1938. Findings of fact and conclusions of law were filed and also the order settling the final accounts and decree of final distribution: In the latter we find the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said executrix shall retain in her possession ten (10) shares of the Ambassador Hotel Company of Los Angeles Participating Certificate in Respect of Capital Stock,

and all furniture described in the decree of partial distribution to Francis C. McCarthy, and all paintings described in the decree of partial distribution to Francis C. McCarthy, said furniture and paintings now located at 352 San Antonio Street, San Diego, California, and a certain gold watch which belonged to Charles F. McCarthy at the time of his death, all of which said personal property which was described in the decree of partial distribution heretofore made to Francis C. McCarthy, until such time as said Francis C. McCarthy shall reimburse the said executrix for the payment of the said above referred to inheritance tax, and that in the event the said Francis C. McCarthy does not so reimburse the said executrix before the expiration of sixty (60) days from this date that said executrix shall sell said property so retained and divide the proceeds equally between herself and the said Charlotte M. Morrow.

"DONE in open Court this 27th day of December, 1938."

We find no authority for the quoted portion of the decree. A year before the decree was rendered the precise property had been distributed absolutely and without reservation to Francis C. McCarthy. The decree of final distribution was an attempt to modify and amend the decree of partial distribution which had become final. We know of no law giving authority for such a collateral attack upon or amendment of a decree that had become final.

Further, the inheritance tax which had been paid by Kate A. Schwerin and Charlotte M. Morrow for Francis C. McCarthy, amounted to $252.38. There is no evidence of the value of the personal property described in the quoted portion of the decree of final distribution. Its value may greatly exceed the amount of the inheritance tax. If we should assume that Kate A. Schwerin and Charlotte M. Morrow acquired a lien on the personal property by reason of the payment of the inheritance tax they could only satisfy the amount of such lien out of the sale price of the personal property. They should not be permitted to divide the excess, if any, between themselves.

We see no good reason for sending the cause back for further trial because of the quoted portion of the decree. The law furnishes Kate A. Schwerin and Charlotte M. Morrow a sufficient remedy whereby they may collect the debt from Francis C. McCarthy. Because they are afforded another

remedy, this estate can and should be closed without extending further its tempestuous journeys through the courts.

It is ordered that the decree of final distribution be modified by striking therefrom the following paragraph:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said executrix shall retain in her possession ten (10) shares of the Ambassador Hotel Company of Los Angeles Participating Certificate in Respect of Capital Stock, and all furniture described in the decree of partial distribution to Francis C. McCarthy, and all paintings described in the decree of partial distribution to Francis C. McCarthy, said furniture and paintings now located at 352 San Antonio Street, San Diego, California, and a certain gold watch which belonged to Charles F. McCarthy at the time of his death, all of which said personal property which was described in the decree of partial distribution heretofore made to Francis C. McCarthy, until such time as said Francis C. McCarthy shall reimburse the said executrix for the payment of the said above referred to inheritance tax, and that in the event the said Francis C. McCarthy does not so reimburse the said executrix before the expiration of sixty (60) days from this date that said executrix shall sell said property so retained and divide the proceeds equally between herself and the said Charlotte M. Morrow."

As so modified, the order settling the final account and the decree of final distribution are affirmed, and the attempted appeal from the order denying the motion for new trial is dismissed. Neither party will recover costs on appeal.

Barnard, P. J., concurred.

Griffin, J., being disqualified, did not participate herein.