[Civ. No. 12513.   Second Dist., Div. Two.   Oct. 7, 1941.]

HARRY T. SCOTT, Respondent, v. WM. H. DILKS, Appellant.

Fred Mansur for Appellant.

Paul Overton for Respondent.

SCOTT (R. H.), J. *pro tem.*—Defendant appeals from a judgment for plaintiff in an action in equity to set aside a judgment in a former action in which the same plaintiff brought suit against the same defendant to dissolve a partnership and for an accounting.

Plaintiff and defendant had been partners in the business of making and selling patented oilers. Less than one year after the partnership was formed plaintiff sued defendant for dissolution of the partnership and for an accounting. Prior to the trial of that action the parties entered into a stipulation for judgment predicated upon a statement by defendant as to the financial condition of the partnership. Pursuant to that stipulation judgment was signed May 24, 1929. It awarded $10,000 to plaintiff, awarded the business to defendant and gave the right to each to use the patent to manufacture the oiler.

Nearly ten years later plaintiff filed this suit against defendant. The amended complaint was filed January 18,

1939, and sought to vacate the stipulated judgment above referred to and to secure an accounting on the grounds of extrinsic fraud on the part of defendant in securing the stipulation for the former judgment. Plaintiff contends and the trial court in this case found that defendant's representations as to the assets and financial condition of the partnership in 1928 and 1929 were knowingly false and untrue; that they induced plaintiff to enter into the stipulation for a consent judgment in the first case and that such first judgment should be set aside. The court further found that an accounting showed that, allowing credit for the $10,000 already paid, plaintiff was entitled to judgment for an additional amount of $1500 with interest from May 24, 1929. Thereupon judgment was rendered for plaintiff awarding that amount and including provisions similar to those contained in the former judgment, dissolving the partnership and giving the parties equal rights to use the patent.

On appeal defendant questions the right of plaintiff to bring such an action, challenges the sufficiency of evidence to support the findings and asserts that the action was barred by the statute of limitations and was res judicata.

A review of the evidence shows ample support for the findings. Defendant had control of the books of the partnership, and they did not show the true financial operations and condition. Among other matters it appears that $4781.76 in good accounts were deducted as "bad debts" and that $1700 were set up as loss on old oilers which were brought in to be exchanged for new ones, although each such exchange required payment by the customer of a sum which more than covered the entire cost of the new oiler plus a profit.

Where the jurisdiction of the court has been imposed upon and the prevailing party by some extrinsic fraud has prevented a fair submission of the controversy, equity will relieve the injured party from the effect of the judgment. (Campbell-Kawannanakoa v. Campbell, 152 Cal. 201 [92 Pac. 184]; Flood v. Templeton, 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579].) Because of the stipulation, induced by the fraudulent representations of defendant, there was no judicial examination of the facts prior to judgment in the former case in 1929. The issues were as effectually withdrawn from any judicial consideration as if they had never been submitted to the court. The fact that

the parties had submitted their stipulation to the court for the signing of a formal judgment in no way put it beyond the power of a court of equity to set aside that judgment in an action such as this, which directly attacks the former judgment on the ground of extrinsic fraud. (*Bergin* v. *Haight*, 99 Cal. 52 [33 Pac. 760]; *Milekovich* v. *Quinn*, 40 Cal. App. 537 [181 Pac. 256].)

Passing then to defendant's suggestion that plaintiff's right of action was barred by the statute of limitations (Code Civ. Proc., sec. 338), we find that it is not supported by the evidence nor the findings. As stated in *Galusha* v. *Fraser*, 178 Cal. 653 [174 Pac. 311], at page 657: "Where the plaintiff sues for relief on the ground of fraud and seeks exemption from the three years period of limitation for the reason that he did not discover the fraud until after it was perpetrated, he must not only show that he did not discover the fraud until within the three years next before the action was begun and that the fraud was committed under such circumstances that he would not be presumed to have had knowledge of it at the time, but he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge, so that the court may determine upon the allegations of the complaint whether the discovery was within the period. (*Lady Washington* [Consol. Co.] v. *Wood*, 113 Cal. [482] 487 [45 Pac. 809].)"

Plaintiff has complied with these requirements. Plaintiff alleged and testified and the trial court found that he did not learn of the falsity of said statements and representations until some time during the month of April, 1938, when he was apprised thereof by one Westhaver, who had continued as manager of the defendant's business until its discontinuance in 1933 and had then departed and remained away from the county of Los Angeles until 1938. This suit was commenced less than a year later.

Defendant relies upon *Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 268], and says that "plaintiff in this case alleges that he was kept from seeing the books, that he was unable to obtain a financial statement and that he was not permitted to know the details of the business. All of which should have put him upon his guard and have caused him to question the financial statement presented to him." The excuse and explanation

for his delay in discovering the fraud was adequately covered by the amended complaint and by the evidence that plaintiff's first knowledge came from a former employee of defendant in April, 1938, leading to prompt independent inquiry to corroborate it.

■ As to defendant's final suggestion, it needs only to be observed that "the doctrine of res judicata has no application to a direct attack." (15 Cal. Jur., p. 9, sec. 120.) In a case of a direct attack upon the ground that a judgment has been procured by fraud "it is well established that the principle of res adjudicata invoked here does not apply." (*Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535].)

Judgment affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied November 3, 1941, and appellant's petition for a hearing by the Supreme Court was denied December 1, 1941.