[Civ. No. 15009. Second Dist., Div. One. Feb. 6, 1946.]

JAMES SYDNEY MARSHALL COWAN, Appellant, v. THEDA AGNES COWAN, Respondent.

George Penney and Claude F. Weingand for Appellant.

Edward Feldman for Respondent.

DORAN, J.—This is an appeal from an order granting defendant's motion, in a divorce action, to set aside the interlocutory judgment.

Briefly the record reveals the following: The action for divorce was filed by the husband on December 14, 1943; summons served December 21, 1943; default entered January 4, 1944; interlocutory decree entered January 24, 1944.

On January 10, 1945, one year, less two weeks, after the interlocutory judgment was entered, defendant made the motion referred to herein. Affidavits setting forth what was declared to be extrinsic fraud were the basis for the motion. In support thereof, two affidavits of merit were offered, one by defendant's physician and one by defendant. ■ The physician's affidavit is as follows:

"Vernon Van Zandt, M. D., being first duly sworn, deposes and says that:

"He has been treating Theda Agnes Cowan for approximately three (3) years. That she was under my personal care and supervision from the period of December, 1943 to date. That it is my personal opinion and observation that Theda Agnes Cowan was in no condition mentally to discuss any personal problems or to consult an attorney from December 1943 until approximately three or four weeks ago.

Vernon Van Zandt, M. D."

So far as the doctor's affidavit is concerned, it is of little, if any, value in support of the motion; it is scarcely more than a naked opinion. The expressions "treating Theda Agnes Cowan for approximately three years" and "under my personal care and supervision," reveal nothing in the nature of

reasons for the opinion. Section 1872 of the Code of Civil Procedure provides:

"Whenever an expert witness gives his opinion, he may, upon direct examination, be asked to state the reasons for such opinion, and he may be fully cross-examined thereon by opposing counsel." And section 1870, paragraph 10, provides that evidence may be given upon a trial of "the opinion of an intimate acquaintance respecting the mental sanity of a person, *the reason for the opinion being given.*" (Italics added.) Although not a trial, the court was charged with the responsibility of determining an important fact, by means of evidence presented in the form of affidavits. Such procedure does not dispense with the necessity of proof; and substantial evidence is required to produce such proof. There is nothing substantial about that which is merely perfunctory.

The pertinent part of the wife's affidavit is as follows:

"She is the defendant in the above entitled action. That on the 14th day of December 1943, she was served with the Summons and Complaint in the above entitled action. That the plaintiff, her husband, continued to see her before, during and after the service of the papers and during the entire month of December, 1943. That she asked him why he had started action, and asked him what he was going to do about it. That he stated he was going to do nothing in regard to it and for her to keep her chin up and her feet on the ground. That he had dinner at her home all during this time. That she asked him about the other woman with whom he had become involved. That he stated he wasn't going to see her for a long time as she was going to New Orleans.

"That affiant first discovered he had obtained a decree about the end of January. That affiant called her husband the first Monday in February and asked him if he had done anything about those papers which were given to her and he said that the divorce was granted on January 24th.

"That affiant asked him why he hadn't told her and he stated he thought affiant had been hurt enough."

Plaintiff husband answered with a counteraffidavit denying the accusations contained in defendant's affidavit and alleged affirmative matter tending to refute them.

While the motion was under submission, an answer and cross-complaint was filed by respondent. Neither in the affidavit, answer, nor cross-complaint was there anything indi-

cating any dissatisfaction with a property settlement agreement which had been executed by the parties.

It is contended by appellant that the affidavits in support of the motion do not establish fraud as a matter of law and that the record shows *laches* and "prejudicial delay."

It should be noted at the outset that an interlocutory judgment although intermediate, for all intents and purposes has the effect and dignity of a formal judgment and at the end of one year becomes such upon the performance of a mere clerical act. That a final judgment is subject to direct attack on the grounds of fraud by an action in equity, there can be no question. There is no statutory authority for a direct attack on the judgment by motion. The origin of such procedure is explained in *Norton* v. *Atchison etc. R. Co.*, 97 Cal. 388 [30 P. 585, 32 P. 452, 33 Am.St.Rep. 198]. See, also, *Bell* v. *Thompson*, 19 Cal. 706. There the motion was based on an alleged lack of jurisdiction of the trial court. Since the Norton decision the use of such a motion has been extended by judicial decision to include actual fraud. The decisions are numerous in support of such procedure; *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110]; *George Frank Co.* v. *Leopold & Ferron Co.*, 13 Cal.App. 59 [108 P. 878]; *Thompson* v. *Thompson*, 38 Cal.App.2d 377 [101 P.2d 160] and *Chiarodit* v. *Chiarodit*, 218 Cal. 147 [21 P.2d 562], are examples.

Earlier cases, however, held to the contrary. For example in *Bancroft* v. *Bancroft*, 178 Cal. 367, at 368 [173 P. 585], the following appears:

"The main contention of the appellant upon this appeal is that the trial court has power, upon the motion of either party, to set aside the interlocutory decree in a divorce case at any time prior to the entry of the final decree. This contention cannot be sustained. It is well settled that an interlocutory decree of divorce is only subject to attack in the proceeding in which it is entered upon appeal, or by proceedings under section 473 of the Code of Civil Procedure, within six months after the entry of such decree, and that after the expiration of the period within which either of these forms of attack may be made, the trial court is without jurisdiction to alter or set aside its interlocutory decree" (citing cases).

It is also well settled that where the invalidity of a judgment must be shown by extrinsic fraud, a motion to vacate it can only be entertained when made within a reasonable time.

█ A charge of fraud in connection with the obtaining of a judgment is by no means trivial, nor is it unimportant. Compared with the opportunities afforded by a trial of the issue of fraud, a hearing on such a motion, supported only by affidavits, is more or less limited. And even if referred to a referee or commissioner, the procedure lacks the advantages of an actual trial on the merits. In *People* v. *Harrison*, 84 Cal. 607, 608 [24 P. 311], the court observed that, "when the attempt is made to vacate the judgment by a proceeding in court for that purpose, it should be done by bringing an action as in other civil cases, that the opposing party may be regularly served with summons, and issues formed and the case regularly tried."

Notwithstanding the apparent lack of uniformity in the decisions, the later ones, as noted above, uphold the court's power to determine the issue of fraud on a motion supported by affidavits. The foregoing brief review of opinion is noted for the purpose of emphasizing the importance of, and the necessity for, a strong showing if the procedure herein considered is to be followed. █ In that regard, the affidavits relied on to support the within motion are lacking. The showing is in no sense substantial, indeed it is superficial. And such a motion, after the lapse of almost a year and in the circumstances revealed by the record, is unavailing. As noted above, it must be made within a reasonable time.

For the foregoing reasons the order setting aside the interlocutory judgment is reversed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied February 25, 1946, and respondent's petition for a hearing by the Supreme Court was denied April 1, 1946. Gibson, C. J., Shenk, J., and Carter, J., voted for a hearing.