[Civ. No. 16432. First Dist., Div. One. Oct. 3, 1955.]

ALGOT PETERSON, Respondent, v. MARCELLA PETERSON, Appellant.

Robert L. Bostick for Appellant.

Dickey & Dickey, Harris, Darter & Older and Guernsey Carson for Respondent.

BRAY, J.—The superior court entered an order and judgment setting aside an order which vacated the final decree of divorce and restored said final decree to full force and effect.

## QUESTIONS PRESENTED

1. Is false testimony a ground for relief under section 473, Code of Civil Procedure?

2. Admissibility of evidence: (a) defendant's letters; (b) witnesses.

## RECORD

October 31, 1947, plaintiff husband obtained ex parte a final decree of divorce based upon the customary affidavit stating among other matters that the parties had not become reconciled. July 17, 1953, defendant brought suit for divorce against plaintiff alleging the same date of marriage as in the complaint in this action but giving the date of separation as July 16, 1953. (In the complaint herein the date of separation is August 5, 1946.) Claiming that she first learned of the entry of the final decree after service of summons in the second suit on the husband when his attorney notified her attorney thereof, and the latter informed her, she, on July 21, 1953, filed a notice of motion to set aside the final decree on the ground of the husband's fraud in concealing from the court the fact that plaintiff and defendant had become reconciled and were living together as man and wife for many weeks prior to and at the time of the entry of the final decree. After a hearing the court on September 14, 1953, found that there had been such reconciliation and entered an order setting aside the final decree. February 1, 1954, plaintiff, under section 473, Code of Civil Procedure, filed a petition to vacate the last mentioned order on the ground of defendant's fraud in falsely testifying that the parties had become reconciled and were living together, and on the ground of plaintiff's excusable neglect in failing to produce certain letters at the hearing of the motion to set aside the final decree. On the hearing of the petition the court found that defendant was guilty of fraud and that her testimony was wilfully false, without which her application to set aside the final decree would not have been granted, and that plain-

tiff's failure to produce the letters was excusable. It then vacated the order setting aside the final decree.

## EVIDENCE

It is unnecessary to detail the evidence given on the hearing of the petition to vacate. Three letters written by defendant alone demonstrate that defendant's testimony on the hearing of the motion to set aside the final decree was false, in spite of her claim that she might have been mistaken but did not wilfully testify falsely. On the prior motion she had testified that she and plaintiff became reconciled in August, 1947, and lived together from then to July 16, 1953. (The date of the final decree obtained by plaintiff was October 31, 1947.) One letter was dated September 19, 1947, the second September 23d,* and the third October 16th. Each one discloses that while defendant was seeking a reconciliation and wanted plaintiff to take her "back some day" plaintiff had refused to do so. In the last letter it appeared that plaintiff had even refused to let her talk to him on the phone. There had been some cohabitation between the parties but defendant's letter of September 23, 1947, shows conclusively that it was without intention, at least on the husband's part, and his attitude known to defendant, to reunite as husband and wife. As said in *Estate of Abila*, 32 Cal.2d 559, 561 [197 P.2d 10] : ". . . occasional cohabitation does not alone establish a reconciliation. (*Keller* v. *Keller*, 122 Cal.App. 712, 715 [10 P.2d 541] ; *Ruggles* v. *Bailey*, 15 Cal.App.2d 555, 556 [59 P.2d 837].) 'The problem is one of whether the parties have become so reconciled as to have fully resumed relations as man and wife with intention that they be permanent, obviating the necessity or desire for termination of marriage and making its continuance a matter of social propriety and probable success.' (Nelson on Divorce and Annulment [2d ed. V. 3], 135.)" The evidence here and particularly defendant's letters show that the parties had not become so reconciled. There was some conflict in the evidence at the hearing but as stated in *Aldrich* v. *Aldrich*, 203 Cal. 433 [264 P. 754], and in *Tomb* v. *Tomb*, 120 Cal.App. 438, 442 [7 P.2d 1104], the determination of controverted facts by the trial court will not be disturbed on appeal. Both cases pointed out, too, that the courts are always alert to detect and correct fraud.

1. *Is False Testimony Ground for Relief?*

Defendant contends that as the very issue before the court

---

*Actually this was a card enclosed in an envelope.

on the hearing of the motion to set aside the final decree was whether the parties had reconciled, the court's determination at that time that they had is res judicata of that issue for all purposes, and that false testimony then can give no ground for relief under section 473. ■ While it is true that the court's judgment on the first motion would be res judicata as against a collateral attack, the attack here is a direct one on the judgment claimed to be res judicata. (*Potts* v. *Whitson*, 52 Cal.App.2d 199, 208 [125 P.2d 947].)

■ That judgment is not final as against a direct attack. (See 3 Witkin, California Procedure, 1934; *Scott* v. *Dilks*, 47 Cal.App.2d 207, 211 [117 P.2d 700].) If based on intrinsic fraud it may be attacked under section 473. Thus cases like *Norris* v. *San Mateo County Title Co.*, 37 Cal.2d 269 [231 P.2d 493], dealing with res judicata, are not in point.

It is not a question, as defendant claims it is, of new evidence to be used to relitigate an already litigated issue, but a question of whether on the litigation of that issue the court was imposed upon by the fraud of the prevailing party. Thus cases cited by defendant like *Waer* v. *Waer*, 189 Cal. 178 [207 P. 891], and *Estate of Baird*, 198 Cal. 490 [246 P. 324], to the effect that new evidence merely impeaching in its character is not sufficient to justify the granting of a new trial, are not applicable here.

■ "It is a well-recognized principle that a court of general jurisdiction has the inherent power to set aside a judgment obtained through fraud practiced upon the court. (*McKeever* v. *Superior Court*, 85 Cal.App. 381 [259 P. 373]; *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 P. 42, 45, 40 A.L.R. 1110].)

■ "If the fraud is intrinsic and the time for appeal has expired then the party seeking relief from such intrinsic fraud must, under the provisions of section 473 of the Code of Civil Procedure, make application for such relief within six months after judgment." (*Tomb* v. *Tomb, supra*, 120 Cal. App. 438. 441.)

In that case there was extrinsic as well as intrinsic fraud. The latter consisted of the husband's failure to inform the court, when he obtained an interlocutory decree of divorce, that the parties had become reconciled.

"There can be no question as to the inherent power of the court to set aside the final decree if obtained by fraud." (*Miller* v. *Miller*, 26 Cal.2d 119, 121 [156 P.2d 931].) There the husband obtained a final decree of divorce on an affidavit

stating that he had fully complied with the terms of the inter-locutory decree as to support, which statement was untrue. It should be pointed out that the relief obtained in this case by defendant in having the final decree set aside was based upon the alleged false representations of plaintiff to the court. In *Security-First Nat. Bank* v. *Hauer*, 47 Cal.App.2d 302 [117 P.2d 952], in obtaining a judgment the plaintiff concealed certain vital facts from the court. In upholding the trial court's action in setting aside the judgment the court said (pp. 306-307): "Where, as in the instant case, the motion to set aside the judgment on the ground of fraud is made under the provisions of section 473 of the Code of Civil Procedure, it is immaterial whether the fraud be extrinsic or intrinsic. (*In re Johnson*, 7 Cal.App. 436 [94 P. 592].)" (See also *Rice* v. *Rice*, 93 Cal.App.2d 646, 651 [209 P.2d 662].)

It is so well settled as not to require the citation of authorities that a motion under section 473 is addressed to the sound discretion of the trial court. We can find no abuse of discretion by the court here.

2. *Evidence.* (a) Letters.

Defendant contends that plaintiff did not make a sufficient showing of excusable neglect in not producing the letters at the first hearing and therefore they were not admissible at the second hearing. She bases this contention primarily upon the fact that plaintiff testified that at the time of the first hearing he knew of the existence of the letters. However, he testified that he was unable to locate them, although he spent a lot of time looking where he generally kept old mail, and that it was not until after the first hearing that he found them. His accountant had asked him for some old records. Someone had taken his record books and placed them on a top shelf in a closet at his home. On opening these books he found the letters. The evidence showed that plaintiff's neglect in not locating the letters prior to the first hearing was "that neglect which might have been the act of a reasonably prudent person under the same circumstances." (*Baratti* v. *Baratti*, 109 Cal.App.2d 917, 921 [242 P.2d 22].) The showing of excusable neglect was sufficient.

Defendant seems to contend that in order for the letters to have been admissible on the second motion plaintiff must show that defendant was responsible for his failure to produce them on the first motion. We know of no such requirement.

Defendant further argues that plaintiff did not tender

proof to show that the fraud hindered the presentation of his case on the first hearing. It is not clear what defendant means by this argument. Carried to its logical conclusion, it means that intrinsic fraud could never vitiate a judgment. Defendant gave false testimony as to the reconciliation. Plaintiff met it as best he could by testifying that there had been no reconciliation. Later he found definite evidence to support his testimony and to prove that defendant had perpetrated a fraud on the court. To hold that because defendant had not hindered him in the presentation of such testimony as he then had, he is forever precluded from proving defendant's fraud, would leave the court in a position where it would be powerless to correct its action based upon that fraud. The letters were admissible.

(b) Witnesses.

A Mr. and Mrs. Wessman testified for plaintiff. Defendant contends that because it was not shown that these witnesses were not available to testify at the first hearing (they were available had plaintiff seen fit to call them) they could not testify at the second, and further that their testimony was merely cumulative as to the plaintiff's evidence on the first hearing. When plaintiff called these witnesses he stated they were called in rebuttal of defendant's testimony that there had been a reconciliation. The main issue before the court was, had defendant given false testimony on the reconciliation issue. In determining that issue, the court, of course, had to determine whether there had been a reconciliation, and if not, whether defendant's testimony to that effect was wilfully false. Thus, the testimony of any witnesses who knew facts of importance was admissible even though they had testified at the first hearing, or, in the case of the Wessmans, could have been called to testify at that hearing, but were not called. ''A motion to vacate a judgment or an order is a direct and not a collateral attack; and on such motion, if it be made in time, any facts going to show the invalidity of the judgment or order may be presented— facts *dehors* the record as well as facts appearing on the face of the judgment-roll or record.'' (*In re Dahnke*, 64 Cal. App. 555, 561 [222 P. 381].) At the second hearing defendant had made an attempt to show that her false testimony was not wilfully given, that there had been a sort of lukewarm reconciliation on the part of plaintiff which she more or less innocently had believed to be a full legal reconciliation. The Wessman testimony was in direct rebuttal of this theory.

Defendant makes the interesting contention that the court erred in allowing plaintiff to cite to the trial court *Keller* v. *Keller*, 122 Cal.App. 712 [10 P.2d 541], which defines reconciliation, because at the first hearing, says defendant, no authority on the subject of reconciliation was cited. We know of no authority holding that a court commits error in allowing counsel to cite and argue from an authority even though it be completely irrelevant to the issues, nor because it was not cited at a previous hearing. Here the definition of reconciliation was not irrelevant.

We see no error in the court's action. The order and judgment are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1955.