[No. 9306.    Department One.—December 23, 1885.]

AUGUSTUS J. BOWIE, Jr., Respondent, *v.* ARCHI-
BALD BORLAND, Appellant.

Reference — Stipulation and Order for — Entry of Judgment — Report of Referee.— The parties to the action entered into a stipulation for its reference which authorized the referee to determine all the issues of law and fact, and provided that upon the filing of the report of the referee judgment should be entered by the court in accordance therewith. The court thereupon made an order of reference directing judgment to be entered upon the filing of the report of the referee. *Held*, that upon the filing of the report the clerk was authorized to enter judgment without any further order of the court.

Appeal from an order of the Superior Court of the city and county of San Francisco vacating a judgment.

The action was brought to procure an accounting. The findings of the referee were in favor of the defend-

ant. The further facts are stated in the opinion of the court.

*Hosmer P. McKoon,* and *George W. Towle, Jr.,* for Appellant.

*McAllister & Bergin,* for Respondent.

Ross, J.—The parties to this suit stipulated to its reference, with power in the referee to determine all the issues in the cause, of fact as well as law; and further, "that upon the filing of said referee's report judgment shall be thereupon entered in this action by the above ·Superior Court, in accordance therewith." Upon the stipulation the court made an order of reference empowering the referee to hear and determine all of the issues, directing him to report his findings; and further ordering "that upon the filing of said referee's report judgment be entered in this action in accordance therewith." The case was duly tried before the referee named, who reported his findings and judgment, and upon the filing of which the judgment was entered by the clerk. The court subsequently, on motion of the losing party, made an order vacating the judgment so entered, upon the ground that the clerk was not authorized to enter it. The appeal is from that order.

If it be admitted that the entry of judgment by the clerk does not follow of course upon the report of the referee where the reference to him is to report upon the whole case, yet in this case express authority was given the clerk in the order of the court directing the entry of judgment in accordance with the referee's report.

Order reversed.

McKEE, J., and McKINSTRY, J., concurred.