[Civ. No. 3664. First Appellate District, Division One.—April 6, 1921.]

FREDERICK WEAVERING, Respondent, v. FRED SCHNEIDER, Appellant.

[1] PARTNERSHIP—ACCOUNTING—REFERENCE—JUDGMENT.—Where in an action for the dissolution of a partnership and an accounting it was found that before a final judgment could be entered it would be necessary for the information of the court that an account be taken of the dealings and transactions between the parties and a referee was appointed for that purpose, a so-called judgment entered by the clerk without the direction of the court upon the findings of the referee was unauthorized, and the judgment rendered by the court upon the adoption of such findings was the only proper judgment.

[2] ID.—UNAUTHORIZED JUDGMENT—APPEAL—JURISDICTION TO RENDER FINAL JUDGMENT—POINT NOT AVAILABLE.—On an appeal from an unauthorized judgment entered by the clerk in an action for the dissolution of a partnership and an accounting, the appellant is not in a position to raise the point that the court was without jurisdiction to enter a final judgment before the property of the partnership had been sold and the assets marshaled.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

W. H. Barrows for Appellant.

A. M. More and E'. B. Mering for Respondent.

KERRIGAN, J.—This is an action brought to dissolve a copartnership and to obtain a settlement of the partnership accounts.

The record is in a confused condition. Briefly, it appears that the case was tried upon issues framed by the complaint and the answer and counterclaim of the defendant. On those issues, with one or two unimportant exceptions, the court found in favor of the plaintiff. One of its findings was to the effect that before a final judgment could be entered in the action it was necessary for the information of the court that an account be taken of the dealings and transactions between the parties, and a referee was appointed for that purpose. Thereafter, the referee being in doubt—or assuming that the reference was general—prepared and filed findings of fact and conclusions of law, according to which the clerk of the court entered judgment in favor of the plaintiff and against the defendant in the sum of $4,012.79; but the next day the court itself adopted the findings and conclusions of the referee and rendered judgment thereon, which also was duly entered. Several months thereafter the defendant appealed from the judgment entered by the clerk upon the report of the referee, claiming that the court had no power to vest the referee with authority to make findings of fact and conclusions of law upon which a judgment might be entered by the clerk, and, secondly, that if it can be said that the judgment in question was in fact rendered by the court, nevertheless the court itself at the time of its rendition was without jurisdiction to render a final judgment, for the reason that at that stage the partnership property had not been sold, or the assets marshaled and applied as the law directs.

[1]   There is no merit in either of these contentions.  If the order appointing the referee may be regarded as general and unlimited, vesting him with power to try the whole issue as to the accounts, then it was the plain duty of the referee to make and file findings of fact and conclusions of law, upon which judgment would follow immediately, and the decision would stand as that of the court, subject to exception and review as if the action had been tried by the court.  (Code Civ. Proc., secs. 639, 644; *Peabody* v. *Phelps,* 9 Cal. 213; *Terpening* v. *Holton,* 9 Colo. 306, [12 Pac. 189].) But here the order of reference merely authorized the referee to examine and report for the information of the court on the issue as to the account between the parties so as to enable the court to pass on that issue, and so regarding the report a judgment was rendered by the court, which judgment, we think, was the only proper one in the case.

[2]   The second objection of the appellant is directed to the jurisdiction of the court to enter a final judgment before the property of the copartnership has been sold and the assets marshaled; but he is in no position to raise this point, since his appeal is taken from the so-called judgment entered by the clerk in the first instance without the direction of the court.  This is not the judgment in the case, and the appeal taken by the defendant is directed exclusively to it.

Finally, it appears from an authenticated copy of a stipulation filed in this court that the parties have agreed upon an adjustment and settlement of the account and assets of the copartnership.  From all of the foregoing it follows that the appeal should be dismissed.  It is so ordered.

Waste, P. J., and Richards, J., concurred.