318

NATIONAL BRASS WORKS (a Corporation), Respondent, v. W. S. WEEKS, Defendant; W. E. STRADLEY et al., Appellants.

Edgar L. Martin and James MacIntosh for Appellants.

Fred E. Peterson and H. E. Gleason for Respondent.

KNIGHT, J.—Defendants and cross-complainants appeal from a judgment rendered against them as sureties, in an action to recover on a bond given to secure the faithful per-

formance of a building contract entered into between plaintiff as owner and the defendant Weeks as contractor.

The complaint alleged in substance that plaintiff complied with all the terms of said contract, but that Weeks failed to construct or complete the building as agreed in that he used materials different from and of a grade inferior to those called for by the contract, plans, and specifications, and that he omitted to perform the work and labor according to the terms of the contract or in a good and workmanlike manner; that on account of the alleged breach plaintiff sustained damages for which judgment was prayed in the sum of $7,750.

Answering, the defendant Weeks denied the allegations of plaintiff's complaint and alleged that the changes and alterations in the construction of the building of which plaintiff complained were made at plaintiff's request. Appellants Stradley and Newton filed a joint answer wherein, besides denying the allegations of the complaint as to nonperformance by Weeks, it was alleged that at the time said contract was entered into Weeks assigned to Stradley all moneys agreed to be paid to Weeks thereunder and that plaintiff assented to the assignment; that during the progress of the work plaintiff requested Weeks to furnish certain materials and perform certain labor in the construction of said building not called for by the terms of the contract, for which plaintiff agreed to pay the reasonable value in addition to the contract price; and that the reasonable value thereof was $3,236.75. Appellants further alleged that the changes above mentioned were made without a written agreement or memorandum to that effect having been entered into and signed by the owner and the contractor as required by the terms of said contract, and were made without the knowledge, consent, or approval of appellants, and therefore constituted material modifications of the contract and of the bond herein sued upon, amounting to a breach thereof. It was further alleged that a balance of $8,394.38 was still due under the original contract and also $3,236.75 for the extra work and materials. Appellant Stradley, separately, filed a cross-complaint containing two causes of action, to recover upon the two items of indebtedness set forth in the joint answer, and prayed for judgment in the total sum of $11,631.13.

Plaintiff answered the cross-complaint by denying substantially all of the allegations thereof.

When the cause came on for trial the court, upon stipulation of all parties, made an order of reference and appointed a referee "to try any and all of the issues of fact and to report a finding thereon and to ascertain the facts necessary to enable the court to determine this action"; and pursuant thereto the referee heard the evidence and made and filed his report thereon, to which written objections were filed by defendants. In April, 1925, plaintiff served notice that at the time and place specified in said notice it would move the court for an order confirming, ratifying and adopting said report as filed. Subsequently, and on October 5, 1925, the court rendered and filed its decision in said cause containing full and complete findings of fact and conclusions of law, and judgment was on the same date entered thereon, adjudging that plaintiff do have and recover from the defendants the sum of $6,487.64 and costs.

This appeal is taken upon the judgment-roll alone, and appellants contend as grounds for reversal that under the order of reference the findings of the referee constituted the only findings in the cause which the court was bound to either confirm or reject without modification, and was without legal authority to make findings of its own; and that since the judgment-roll contains no order showing that the referee's findings were approved by the court, the judgment is not supported by any findings whatever. It is further contended that if it be assumed that the referee's findings were approved by the court said findings were insufficient to sustain the judgment in plaintiff's favor.

Section 638 of the Code of Civil Procedure, under the authority of which the order of reference herein was made, reads as follows: "A reference may be ordered upon the agreement of the parties filed with the clerk, or entered in the minutes: 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a finding and judgment thereon; 2. To ascertain a fact necessary to enable the court to determine an action or proceeding."

If an order of reference be made pursuant to subdivision 1 of said section the referee's findings are doubtless controlling upon the court because section 644 of the same

code provides that "the finding of the referee or commissioner upon the whole issue must stand as the finding of the court, and upon filing of the finding with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court"; and in construing said subdivision 1 it has been held that an order of reference made pursuant thereto operates as a submission of the controversy to a tribunal of the parties' own selection to make a definitive disposition of the issue and the action (*Fredendall* v. *Shrader*, 45 Cal. App. 719 [188 Pac. 580]; and that the findings of the referee upon the whole issue must stand as the finding of the court, and judgment follows immediately, entry being made by the clerk as a matter of course (*Faulkner* v. *Hendy*, 103 Cal. 15 [36 Pac. 1021]; *Thompson* v. *Patterson*, 54 Cal. 542; *Weavering* v. *Schneider*, 52 Cal. App. 181 [198 Pac. 418]; *Bowie* v. *Borland*, 68 Cal. 233 [9 Pac. 79]).

But if the order of reference be made pursuant to and is based upon subdivision 2 of said section 638, then the report of the referee has no such binding effect upon the court, further proceedings by the court being essential to a complete determination of the cause (*Clark* v. *Millsap*, 197 Cal. 765 [242 Pac. 918]). In such case the court ultimately determines the facts and the law by rendering its decision containing its findings of fact and conclusions of law which serves as the basis for the judgment which shall be entered; and the judgment thus entered is in nowise dependent upon the report of the referee for support but is grounded on the decision of the court (*Clark* v. *Millsap*, supra).

The order of reference in the present case, by the inclusion therein of the additional clause "and to ascertain the facts necessary to enable the court to determine this cause," and by the omission to declare therein that the referee was authorized to try all issues "whether of fact or of law," clearly shows that it was intended that the cause should not be taken from the court and committed to the referee for decision, but that in the interest of time the referee was appointed merely to ascertain certain disputed facts relating to the details of the actual work done and materials furnished in the performance of the contract, and thus aid the court in the rendition of its decision upon the merits

of the entire controversy. That being so, the trial court's decision containing its findings of fact and conclusions of law, and not the referee's report, is determinative of the action; and therefore we are not here concerned with the sufficiency or the effect of the report of the referee.

Furthermore, the contents of the referee's report sustains this view because it purports to be merely an ascertainment of certain facts relating to the construction of the building, particularly as to the alleged departure by the contractor from the plans and specifications, and it contains no conclusions of law, as would have been the case if the reference had been made pursuant to the first subdivision of said section 638 (13 Cal. Jur. 696). Moreover, the attitude of appellants in moving the trial court, after the report had been filed and before the entry of judgment, "that the findings of the referee on file herein be set aside and vacated," strongly indicates that they considered that the court at all times retained the power to determine the case upon the merits.

Appellants further contend that the judgment is fatally defective in that the judgment-roll does not contain an order confirming or modifying the referee's findings. There is no merit in the point. Where the order of reference is made and the referee's findings are filed pursuant to the first subdivision of section 638, and judgment is entered thereon in accordance with section 644 of said code, then, under the express provisions of section 670 of said code, the findings of the referee constitute part of the judgment-roll, because in that state of the record the judgment in the action is based entirely upon the referee's findings; but where, as here, the order of reference is made and the referee's findings are reported pursuant to the second subdivision of said section 638 there is no legal requirement that the order of the court confirming or modifying such findings be made part of the judgment-roll. It would appear from the trial court's decision herein that the report of the referee was in fact confirmed and approved, but since as stated there is no provision of law requiring such order to be made part of the judgment-roll, its absence therefrom does not affect the validity of the judgment.

The judgment is affirmed.

Tyler, P. J., and Parker, J., *pro tem.*, concurred.