[Sac. No. 4106.  Department Two.—December 20, 1928.]

UGENE U. BLALOCK, Respondent, v. WALTER L. DUN-GER, etc., et al., Appellants.

C. W. Braswell for Appellants.

Ugene U. Blalock, *in pro. per.*, for Respondent.

SHENK, J.—The plaintiff brought this action to recover possession of certain real property and for an accounting involving the conduct of a merchandise business on the property. The issue of the right to the possession of real property was submitted to a jury, which returned a verdict for the plaintiff. The court made a general order of reference as to the issues involved in the accounting. Thereafter the referee made and submitted this report to the court, finding that all of the defendants were indebted to the plaintiff in the sum of $226.21. No exceptions were taken to the findings of the referee, and judgment was entered on the verdict for the possession of the real property and for the plaintiff against all of the defendants for the amount found by the referee to be due to the plaintiff. All of the defendants appeal from the judgment.

It is contended by the defendants (1) that no findings of fact and conclusions of law were made and filed by the court; (2) that the judgment is a departure from the pleadings, and (3) that the proof of service of the cost bill was insufficient.

Trial by jury as to recovery of possession of the real property was not waived. Consequently that issue was triable before the jury as matter of right (sec. 592, Code Civ. Proc.), and no findings were necessary as to that branch of the case. (*Reiner* v. *Schroeder*, 146 Cal. 411 [80 Pac. 517].) The order of reference as to the accounting was general and unlimited. Under this state of the record the findings of the referee were sufficient upon which to base the judgment of the court (sec. 644, Code Civ. Proc.; *Weavering* v. *Schneider*, 52 Cal. App. 181 [198 Pac. 418]).

The plaintiff concedes that the judgment is erroneous and unsupported in so far as it orders a recovery of the sum of $226.21 as against all of the defendants. The judgment as to that sum should be had from the defendant Walter L. Dunger only. Modification of the judgment in that respect, therefore, becomes necessary. The judgment for costs in the trial court should, however, run against all of the defendants.

Service of the cost bill in the sum of $571.20 was by mail. The affidavit of the service was made by a stenog-

rapher in the office of the attorneys for the plaintiff at Porterville. The then attorneys for the defendants resided at Lindsay. There was no specific averment in the affidavit of service that the attorneys for the plaintiff resided at Porterville. But there was sufficient in the affidavit upon which to infer that the attorneys for the plaintiff resided at Porterville. It is not claimed by the defendants that the memorandum of costs was not received by them in due course of mail, and the irregularity, if any, worked no harm to the defendants.

The judgment is modified by limiting the recovery of the sum of $226.21 to the defendant Walter L. Dunger, the costs in the trial court to be recovered from all of the defendants. As so modified, the judgment is affirmed, each party to bear his own costs on appeal.

Richards, J., and Langdon, J., concurred.