[Civ. No. 11886. First Dist., Div. One. Mar. 12, 1942.]

THE BOARD OF EDUCATION OF THE SAN FRAN-
CISCO UNIFIED SCHOOL DISTRICT et al., Respon-
dents, v. MARGARET CLARE MULCAHY, Appellant.

Chas. N. Douglas for Appellant.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Respondents.

JONES (B. C.), J. pro tem.—This action was instituted under the provisions of section 5.654 of the School Code by the Board of Education of the San Francisco Unified School District. The defendant is a teacher who has been employed in the schools of the district for a number of years and who has enjoyed the privileges of tenure under the school system. On September 14, 1937, the superintendent of schools of the district filed charges against her with the board of education, notice of which she received. She thereupon requested that a hearing be had on the charges pursuant to the provisions of section 5.653 of the School Code. The plaintiffs then exercised the election accorded them under the provisions of section 5.654 and filed this action. In due course the defendant filed an answer to the complaint and the case was set down for trial. Acting in accordance with the stipulation of the parties and the provisions of section 5.654 the court appointed three referees to conduct the hearing and report their findings to the court. The findings of the referees sustained all of the charges against the defendant. Exceptions to the findings and report were then presented to the trial court. After exhaustive hearings the findings and report of the referees were confirmed by the court as they were originally presented, and a judgment entered that the board might dismiss the defendant as an employee of the school district. It is from this judgment that the defendant appeals.

The charges against the defendant were on four separate grounds: "1. Mental condition unfitting her to instruct and/or associate with children. 2. Unprofessional conduct. 3. Evident unfitness for service. 4. Refusal to obey a reasonable regulation prescribed for the government of the Public Schools by the San Francisco Board of Education."

The sections of the School Code under which the action has been taken have been attacked on several different constitutional grounds. It is contended that class legislation is effected in violation of section 25 of article IV; that the right of trial by jury is denied in contravention of section 7 of article I; and that administrative functions are cast upon the court contrary to section 1 of article III.

As is said in *Board of Education* v. *Ballou*, 21 Cal. App. (2d) 52, 55 [68 Pac. (2d) 389]: ''The legislature in 1935 by amending the School Code brought about very significant changes in the procedure for dismissing permanent teachers for cause. Administrative school officials were deprived of the power to dismiss permanent teachers for cause and it was made necessary for the governing board, in order to bring about a dismissal, to file a complaint in the superior court 'asking that the court inquire into such charges and determine whether or not such charges are true, and if true, whether or not they constitute sufficient grounds for the dismissal of such employee, under the provisions of this code, and for judgment pursuant to its findings.' The legislature has placed upon the judges the duty of determining whether a teacher should be dismissed when charges such as incompetency are filed. A duty essentially administrative has been withdrawn from administrative officials and imposed upon officials exercising judicial functions.''

 That a judicial determination as to the competency of a teacher against whom charges are made may be interpolated between the initial charge and the final order of dismissal is supported by both reason and authority. It is both fair and logical that the existence of proper grounds should be judicially determined before a teacher may be deprived of her right to tenure. In *Wheatley* v. *Superior Court*, 207 Cal. 722 [279 Pac. 989], it is held that it may first be judicially determined by the superior court that the lands of an individual are susceptible of benefits before they may be included in a bridge and highway district. The procedure is not dissimilar to that here provided, where the superior court must first determine that the charges made against a teacher are true before she may be dismissed from her employment. It cannot be said that where a court is accorded the power to hear and determine according to the law the truth of a charge made against a person, the court is exercising an administrative and not a judicial function. In the exercise of an administrative function there is always lacking the power to determine according to the law. The most that it can embrace is the power to ascertain a fact, or state of facts, which will justify a course of action. (*Whitten* v. *California State Board of Optometry*, 8 Cal. (2d) 444 [65 Pac. (2d) 1296, 115 A. L. R. 1].) But when it is concluded how the law operates upon a set of facts the law must of necessity be declared.

█ A statute which sets up a special proceeding such as we have in this case, but which does not provide for a trial by jury, is not for that reason unconstitutional. (*Cline* v. *Superior Court*, 184 Cal. 331 [193 Pac. 929].) There is no provision in the Constitution guaranteeing the right to a trial by jury in all cases. As is said in *Cline* v. *Superior Court*, *supra*, page 339, "It is a settled proposition of law of this state that the right of trial by jury there referred to is the right as it existed at common law, and that it does not secure the right to a trial by jury in any case which was not triable by a jury, as of right, under the common law of England." Actions which are to be tried by a jury are enumerated in section 592 of the Code of Civil Procedure. This section was amended in 1874 narrowing the number of actions to be so tried, and in speaking of this amendment the court in *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 556 [147 Pac. 238], said: "It is evident that this amendment made a radical change regarding the right to a jury trial. Under its provisions, in all actions except those enumerated in the opening clause, the issues of fact are to be tried by the court. The language is too clear on this point to require interpretation or to permit construction. The amendment was evidently framed with a view of adopting the principle decided in *Koppikus* v. *State*, 16 Cal. 248, that is, that the constitutional guaranty of the right to jury trial, in section 7, of article I, applies only to common law actions and that it does not confer such right with respect to any action as to which it did not previously exist. Accordingly, it has always been held that this guaranty does not secure the right in special proceedings. (*Dorsey* v. *Barry*, 24 Cal. [449] 453; *Heyneman* v. *Blake*, 19 Cal. [579] 596.)"

█ The contention of the defendant that the legislation setting up the machinery for the dismissal of a teacher who has attained a permanent status under the School Code is special and discriminatory and violative of section 25 of article IV in that it attempts to deal with a particular class of teachers, was made in the case of *Grigsby* v. *King*, 202 Cal. 299 [260 Pac. 789]. It was there held that school boards are merely administrative agencies of the state created by statute, deriving all of their powers from the statute, and subject to all of the limitations imposed upon them by the Legislature, and that a teacher is left free to seek employment in any district which she may select; the law operating only incidentally upon

her. Such incidental operation, of course, affords no grounds of constitutional prohibition.

■ Nor does the failure of section 5.654 to make mention of the power to grant a new trial render the section invalid under the provisions of section 25 of article IV of the Constitution, as contended for by the appellant. A motion for a new trial is only a statutory remedy. (*Young* v. *Briggs,* 17 Cal. App. (2d) 338 [61 Pac. (2d) 1223].) There is nothing in the Constitution pertaining to it, and if the Legislature has seen fit to authorize an appeal direct from the judgment in a special proceeding of this character without extending to the court the power of granting a new trial, no discrimination is set up. As the court said in *Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486], "It cannot be doubted that the Legislature could still further limit such grounds at will, or even altogether abolish the right to make such a motion on any ground." The fact that it may be extended by the Legislature to certain kinds of cases and not to proceedings of a different character creates no discrimination. The law in either instance is open to all who may by their acts bring themselves under it, and it operates only incidentally upon those who do.

■ Another argument advanced by the appellant is that no findings were made by the court. The reference, however, was general and for the purpose of a complete hearing by the referees. When the reference is general, the findings and report of the referees form a sufficient basis to support the judgment of the court. (*Blalock* v. *Dunger,* 205 Cal. 782 [272 Pac. 1048].)

■ An additional contention is that the action was not commenced within the time limited by the statute, in that the complaint filed within the thirty-day period of limitation was not verified. The argument of appellant in this respect is predicated on the assumption that verification of the complaint is a jurisdictional requirement. While it is true that in certain actions, such as to quiet title, and practically all special proceedings, the law requires the complaint or petition to be verified, it is the established rule that failure to do so constitutes only a defect in pleading not affecting the jurisdiction of the court, and which may be cured by amendment. (*Security T. & S. Bk.* v. *Fidelity & D. Co.,* 184 Cal. 173. [193 Pac. 102]; *Canadian Bank of Commerce* v. *Leale,* 14 Cal. App. 307 [111 Pac. 759].) The defect in the complaint here was corrected by a properly verified complaint in identical language filed long before the action was tried.

■ The position taken by the appellant—that the case comes within the provisions of section 5.652 of the School Code, and that she was entitled to a ninety-day notice and an opportunity to correct the alleged deficiencies—is not tenable. This section expressly excepts physical and mental disability. In support of her position she makes the contention that the evidence produced is not sufficient to establish the charge of unfit mental condition. If this contention were sound, the case against her would, of course, fall, as the other charges come within the provisions of said section. (*Fresno City H. S. Dist.* v. *De Caristo,* 33 Cal. App. (2d) 666 [92 Pac. (2d) 668].)

■ Criticism is particularly directed at the testimony of Dr. Twitchell, a psychiatrist. It is argued that the opinion given by him—that the appellant is a prosecutory type of a paranoid state, with no likelihood of improvement—is based entirely on hearsay, notwithstanding the doctor testified that he examined the appellant first in 1928 and again in 1937. The findings of the referees upon this particular charge, however, are not based upon the testimony of Dr. Twitchell. The report expressly states that the testimony of Dr. Twitchell was disregarded by the referees, and that they based their determination on other testimony in the case, particularly that of Miss Mulcahy herself. In the language of the report, ''This state of mind is not only established by reputable witnesses whose honesty and integrity cannot be questioned, but its existence is also implicit in Miss Mulcahy's own testimony even when she is making denials.'' If any error occurred in admitting the testimony of Dr. Twitchell in the first instance it was rendered harmless by the referees in disregarding it. The record discloses no prejudicial error, and contains ample evidence to support the finding of mental unfitness. This charge, being sustained by the evidence, is sufficient to support the judgment. In all cases where there is evidence of a substantial nature to support a finding it will not be disturbed on appeal. (*Webster* v. *Board of Dental Examiners,* 17 Cal. (2d) 534 [110 Pac. (2d) 992].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied April 11, 1942, and appellant's petition for a hearing by the Supreme Court was denied May 8, 1942. Carter, J., voted for a hearing.