FERNANDEZ, J.
Jose A. Mata appeals an order of the trial court that granted appellee Beth A. Mata’s emergency motion to permit the temporary relocation of the parties’ minor child to North Carolina. Because the court failed to comply with requirements relevant to the temporary relocation of minor children under section 61.13001(6)(b), Florida Statutes (2011), we reverse.
The final judgment of dissolution of marriage incorporated a settlement between the parties in which the parties agreed to a time-sharing schedule for the parties’ minor child. The parties agreed that it was in the child’s best interest that the parties live in close proximity in Miami-Dade County. In March 2011, the mother petitioned for the relocation of the child’s residence to Durham, North Carolina where the mother now resides. The father responded, objected, and counter-petitioned the mother’s petition to relocate the child. The mother thereafter noticed the relocation matter for trial which the court set for August 12, 2011. On August 2, 2011, the mother filed an emergency motion to permit the temporary relocation of the child during the pendency of the relocation action. The father responded.
At the hearing on August 12, 2011, on the mother’s emergency motion, the parties, counsel, and witnesses appeared before the court. The father’s counsel declared that he felt ill, after which the court agreed to continue the relocation matter. The court nevertheless addressed the mother’s emergency motion for temporary relocation pending the final hearing. The court thereafter heard argument from counsel for one hour during which the court neither received evidence nor heard testimony. The court ultimately granted the mother’s emergency motion to relocate, stating in its order that the court’s decision was “based upon the review of the pleadings and argument of counsel.” The court rescheduled the final hearing on relocation to November 18, 2011.
An abuse of discretion standard governs an appellate court’s review of the trial court’s determination of the relocation of minor children. See Manyari v. Manyari, 958 So.2d 512 (Fla. 3d DCA 2007). Section 61.13001(6)(b), Florida Statutes (2011), establishes the procedures that must be followed in matters that involve the temporary relocation of a child. Section 61.13001(6)(b) states:
(b) The court may grant a temporary order permitting the relocation of the child pending final hearing, if the court finds:
*343 [[Image here]]
2. From an examination of the evidence presented at the preliminary hearing, that there is a likelihood that on final hearing the court will approve the relocation of the child, which findings must be supported by the same factual basis as would be necessary to support approving the relocation in a final judgment.
The father argues that the court failed to comply with these statutory requirements when it granted the mother’s emergency motion for temporary relocation. Here, it is apparent that the court did not consider the factors listed in section 61.13001(6)(b)(2) before it granted the mother’s emergency motion for temporary relocation. There is no indication in the record that the court received or considered evidence upon which to make findings that “there is a likelihood” that the court will approve a relocation on final hearing, findings which, in turn, must be “supported by the same factual basis as would be necessary to support approving the relocation in a final judgment.” Indeed, the court noted at the hearing on the mother’s emergency motion that it did not consider the factors outlined in section 61.13001 because it had not taken any evidence. This constituted error.
Notwithstanding the court’s error as a matter of law when it misapplied the correct legal standard set forth in section 61.13001, see Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980), the court abused its discretion when it granted the mother’s emergency motion to relocate. The court’s decision to grant the mother’s motion was limited to a review of the pleadings and argument of counsel. At no time did the court receive any evidence or testimony which would have provided a factual basis to support relocation. The court’s decision to relocate was thus unreasonable. See Raulerson v. Wright, 60 So.3d 487, 490-91 (Fla. 1st DCA 2011) (holding that the mother’s hand-delivery to the father of her notice of intent to relocate with the parties’ minor child, without complying with the filing requirements of section 61.13001(3), constituted an abuse of discretion).
We decline to address, as either merit-less or unsupported, the arguments the mother raises. Thus, we conclude that the court abused its discretion when it granted the mother’s emergency motion to permit the temporary relocation of the parties’ minor child without adhering to the requirements of section 61.13001.
We therefore reverse and remand the cause for an evidentiary hearing from which the court can determine the necessary findings required by section 61.13001.
Reversed and remanded with instructions.