PER CURIAM.
The former husband appeals a non-final order authorizing his former wife to relocate to North Carolina with the parties’ minor child on a temporary basis. We reverse because the trial court failed to hold an evidentiary hearing before allowing the temporary relocation, contrary to the requirements of section 61.13001(6)(b), Florida Statutes. See Mata v. Mata, 75 So.3d 341, 343 (Fla. 3d DCA 2011) (holding that the trial court abused its discretion in granting the mother’s motion for temporary relocation with the minor child where the court’s decision “was limited to a review of the pleadings and argument of counsel” and the court did not receive any evidence or testimony which would have provided a factual basis to support relocation).
Furthermore, contrary to the trial court’s ruling, we conclude that the father’s verified answer to the mother’s petition for relocation related back to his original unverified answer, which was timely filed.[1] The failure to verify a pleading which, by statute, is required to be verified does not constitute a jurisdictional defect; verification may be supplied by an amendment and relate back to the time the original unverified pleading was filed. See Green v. Burger King Corp., 728 So.2d 369, 370-72 (Fla. 3d DCA 1999); Drury Displays, Inc. v. Bd. of Adjustment, 760 S.W.2d 112, 114 (Mo.1988); In re Shaffer’s Estate, 203 Kan. 264, 454 P.2d 1, 3 (1969); Bd. of Educ. of San Francisco Unified Sch. Dist. v. Mulcahy, 50 Cal.App.2d 418, 123 P.2d 114, 118 (1942); see also Fla. R. Civ. P. 1.190(c).
We therefore “reverse and remand the cause for an evidentiary hearing from which the court can determine the necessary findings required by section 61.13001.” Mata, 75 So.3d at 343.

Reversed and Remanded.

MAY, C.J., TAYLOR and CONNER, JJ., concur.

. While it does not appear that the lack of verification of the father's original answer was the basis for the trial court’s decision to permit the mother to temporarily relocate, we nonetheless address this issue so that it does not arise again on remand.