IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EMMANUEL SOSPETER GIMONGE,

      Appellant,

v.                                        Case No.  5D17-2747

LAURIE SOSPETER GIMONGE,

      Appellee.
_____/

Opinion filed March 23, 2018

Appeal from the Circuit Court
for Lake County,
Heidi Davis, Judge.

Jason Brian Phillips, of J. Brian Phillips,
P.A., Orlando, for Appellant.

Adam H. Sudbury of Apellie Legal,
Orlando, for Appellee.

PER CURIAM.

      Emmanuel Sospeter Gimonge ("Father") appeals a non-final order granting an

emergency motion for child pick-up in favor of Laurie Sospeter Gimonge ("Mother").[1]

Father argues that the trial court erred in granting Mother's motion because she failed to

---

[1] Jurisdiction exists pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b., which provides jurisdiction in family law matters to review non-final orders determining "the rights or obligations of a party regarding child custody."

file a petition to relocate with the couple's minor child under section 61.13001, Florida Statutes (2017). We affirm.

The parties were married in 2011 and have one child in common. They separated in 2015, but Mother filed for dissolution of marriage in 2017. That action remains pending. After filing for dissolution, Mother, without Father's consent or a court order, left Florida with the child and moved to Michigan. Father filed an ex parte emergency motion for child pick-up, seeking to have the child returned to Florida. The court declined to rule on an ex parte basis and set the motion for a hearing. We glean from the limited record that the parties ran out of time at the scheduled hearing.

The parties subsequently entered into a stipulation that resolved Father's motion, the nature of which forms the essence of this appeal. The terms of the agreement provided that the child would remain in Mother's custody, pending the outcome of a scheduled mediation. If the parties were unable to reach an agreement during mediation, either party would be able to file a motion for temporary relief pending trial. Father would have one month of timesharing in the summer, which required that he would pick the child up in person in Michigan, as well as timesharing over winter break. Additionally, the agreement provided, "Father shall not be prejudiced should the child end up attending school in Michigan pending a scheduled mediation or trial date." The agreement specifically provided that Father reserved his right to litigate the issues raised in the emergency motion at the time of trial. The stipulation specified that it was "a temporary agreement without prejudice to either side taking a different, new, or conflicting position later." The trial court approved and ratified the agreement by temporary order.[2]

---

[2] The court also ordered Father to pay temporary child support.

Father subsequently filed an ex parte emergency motion for contempt/enforcement and child pick-up, alleging that Mother refused to comply with the agreed-upon summer visitation. As a result, the court awarded Father thirty days of make-up timesharing. Toward the end of that timesharing, Father filed an emergency motion for injunction to prevent the removal of the child from Florida (and by implication his having to return the child to Mother), arguing that Mother had failed to file a petition to relocate with the child and had removed the child from Florida without his consent. In turn, Mother filed an emergency motion for child pick-up order, alleging that Father refused to return the child following his timesharing pursuant to the court ordered make-up visitation. The trial court ruled in favor of Mother.

Section 61.13001, Florida Statutes (2017), governs "[p]arental relocation with a child." It provides, in relevant part:

> **(2) Relocation by agreement.**—
>
> (a) If the parents and every other person entitled to access to or time-sharing with the child agree to the relocation of the child, they may satisfy the requirements of this section by signing a written agreement that:
>
> 1. Reflects consent to the relocation;
>
> 2. Defines an access or time-sharing schedule for the nonrelocating parent and any other persons who are entitled to access or time-sharing; and
>
> 3. Describes, if necessary, any transportation arrangements related to access or time-sharing.
>
> (b) If there is an existing cause of action, judgment, or decree of record pertaining to the child's residence or a time-sharing schedule, the parties shall seek ratification of the agreement by court order without the necessity of an evidentiary hearing unless a hearing is requested. . . .

> **(3) Petition to relocate.--**Unless an agreement has been entered as described in subsection (2), a parent or other person seeking relocation must file a petition to relocate and serve it upon the other parent, and every other person entitled to access to or time-sharing with the child. The pleadings must be in accordance with this section . . . .

§ 61.13001(2)–(3), Fla. Stat. (2017). Under the clear language of the statute, parties may either agree to a child's relocation, or the relocating parent must file a petition to relocate. The central issue on appeal is whether the parties' agreement authorized Mother to temporarily relocate with the parties' child pending final dissolution proceedings, without filing a petition to relocate pursuant to section 61.13001(3).

Father contends that the parties' agreement was not an agreement for relocation, but rather it was merely a stipulated contact schedule. We find no error in the trial court's disinclination to engage in such semantics. The parties' agreement complied with the mandates of section 61.13001(2). The agreement reflects that Father consented to temporary relocation: Mother resided in Michigan and the agreement provided that the child would remain in her custody and possibly attend school in Michigan. See § 61.13001(2)(A)1., Fla. Stat. The agreement defines Father's timesharing, detailing his rights over summer and winter breaks. See id. § 61.13001(2)(A)2. The agreement also provides transportation arrangements, requiring Father to both pick up and return the child in Michigan. See id. § 61.13001(2)(A)3. Once ratified by the court, it became a temporary child custody order. Therefore, the agreement complied with the requirements of section 61.13001(2), and Mother was not required to subsequently file a petition to relocate. See id. § 61.13001(2)–(3).

We note, however, that the agreement at issue is temporary, pending final dissolution proceedings. The agreement specifically allows Father to raise at trial the

issue of Mother's admittedly improper initial removal of the child from Florida, and Mother can raise Father's failure to return the child at the conclusion of the summer visitation. We express no opinion on whether relocation would be appropriate.

AFFIRMED.

COHEN, C.J., BERGER and LAMBERT, JJ., concur.