# Third District Court of Appeal

## State of Florida

Opinion filed June 4, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1428
Lower Tribunal No. 22-DR-213-P
_____

**Amanda Lee Lawler**,
Appellant,

vs.

**Brian Patrick Lawler**,
Appellee.

An Appeal from non-final orders from the Circuit Court for Monroe County, Luis Garcia, Judge.

Hasbun & Mendoza, P.L.L.C., and Maribel Mendoza and Michelle Hasbun, for appellant.

Brian P. Lawler, in proper person.

Before FERNANDEZ, SCALES and BOKOR, JJ.

FERNANDEZ, J.

Amanda Lawler ("the Mother") appeals the trial court's temporary order permitting Brian Lawler ("the Father") to relocate the parties' two minor children to South Carolina to continue living with the Father and his blended family pending a final hearing. By virtue of the trial court's thorough assessment of the issues surrounding the best interest of the children favoring placing them with the Father and the Father's attempt to comply with section 61.13001(3)(a)(6), Florida Statute (2024), we affirm the trial court's temporary order granting the relocation.

This appeal concerns the trial court's temporary order permitting the Father to relocate the parties' two minor children to South Carolina pending final hearing. The background of this case discusses the denial of the Mother's prior motion for relocation, but that order is not the subject of this appeal.

The Mother and the Father divorced on November 4, 2022. The final judgment included a Parenting Plan acknowledging: "both parents are active duty coast guard and will remain flexible 50/50 due to schedule of service."

On April 18, 2023, the Mother moved to Permit Relocation with Minor Children, seeking permission to relocate with the minor children to Jacksonville, Florida. The children had lived with the Father since birth in the

Florida Keys. On March 26, 2024, the trial court issued an order denying the Mother's relocation, finding:

> Upon considering and weighing the factors in Florida statute 61.13001 the court finds that the majority of the factors do not favor either parent. Both parties are capable and loving parents who have managed to coparent. However, there are a few factors that weigh in favor of the children remaining with their father in Big Pine Key with their established blended family. For example, the distance from Jacksonville to Big Pine Florida would have a detrimental effect on the close relationship between the father and his daughters. The children have lived consistently with their father since birth. Removing the girls from a stable blended family and friends and moving them to Jacksonville where there are no family or friends provides no benefit to the children, other than being with their mother, at the expense of being far from their father. The mother does not have family in the Jacksonville area and has been required by her employer to travel abroad for extended periods of time in the past. The mother maintains that she can refuse these trips, but the record is void of any documentation from the employer Indicating that work related travel is optional. Since December of 2022, when the mother moved to Jacksonville she has provided little financial support for the children. For the reasons stated above, the court finds that the mother failed to meet her burden establishing that relocation to Jacksonville, FL would be in the best interest of the children. The mother's Petition to Relocate is denied.

On April 12, 2024, the trial court entered a Supplemental Final Order Adopting Child Support Guidelines Worksheet and Parenting Plan. The parenting plan provides the Father with 305 overnights and the Mother with summer breaks.

3

On June 5, 2024, the Mother filed a motion to prevent removal of the children from Florida arguing that unbeknownst to her "on March 4, 2024, before the hearing on March 7, 2024, the U.S. Department of Homeland Security issued a Standard Travel Order to the Respondent/Father relocating him to Charleston, South Carolina and he is to report by July 1, 2024." On June 11, 2024, the Mother filed an Ex-parte Motion to Extend Timesharing with Mother Pending Ruling of the Court, wherein the Mother renewed her objection to the Father's relocation to South Carolina and sought to extend her timesharing pending a hearing.

On or about June 14, 2024, the Father filed a Supplemental Petition to Permit Relocation with Minor Children, seeking permission to relocate to Charleston, South Carolina and citing that the relocation is in the minor children's best interest because: "On 12Apr2024 [sic] supplemental final order adopting child support guidelines worksheet and parenting plan was Done and Ordered. The adjudicated parenting plan was granted in favor of Myself, for the minor children to maintain residence with me for 305 days of the year. My military orders force by relocation out of the state of Florida." As to a request for the trial court to modify access and time-sharing, the Supplemental Petition provides: "Maintain currently ordered time sharing agreements." Id. The Father indicated that given the Mother's objection to

4

the relocation, he was requesting a temporary relief hearing to permit relocation prior to the final hearing.

On July 1, 2024, the trial court entered an order denying the Mother's Motion to Extend Timesharing with [the Mother] Pending Ruling of the Court and ordered that the "parties shall comply with the previous order of the court" and "[o]nce the Respondent's Order for Relocation is finalized, the parties shall attend mediation in an attempt to agree on a Long Distance Parenting Plan." On July 2, 2024, the Mother filed a Motion for Clarification.

On July 19, 2024, without conducting a hearing, the trial court entered an order on the Mother's Motion for Clarification wherein the trial court granted the Father's temporary relocation to South Carolina and ordered the parties to mediation "to establish a parenting plan that optimizes the closer distance between the children and the mother and facilitates co-parenting; thereby allowing the mother to play a greater role and say in the children's lives." In support of its ruling, the trial court thoroughly explained:

> The Court, after weighing the statutory factors, denied the mother's Petition to Relocate. The Court, at the hearing in March 2024, found that it was in the best interest of the children to remain with their father and to continue to live with their stepmother in their blended family. The father, an active member of the United States Coast Guard, stated during the hearing, that he believed that he would be stationed, in the near future, to somewhere in the Southeastern United States. The Court understood that the father's new posting would be somewhere in Georgia, North Florida, or South Carolina. At the time the Court

5

also considered, that if such a move were to occur, it would benefit all parties, including the children, by greatly reducing the distance between the households.

The father recently notified the mother and the Court that his new posting with the Coast Guard would be in Charleston, South Carolina. This move would lessen the distance between the households by approximately 300 miles and reducing the drive by 4 to 5 hours. For an undisclosed reason, the mother objects to the children moving from the Lower Florida Keys to South Carolina with their father, even though the move would lessen the burden on both parents and would increase the time spent with the children and facilitate co-parenting. The mother has filed the instant Motion for Clarification asking the Court to prevent the children from being removed from the state of Florida. **As a point of clarification, the Court's decision in March 2024, was not that it was in the best interest of the children to live in the Florida Keys as opposed to Jacksonville, but instead, after considering all the statutory factors and the children's best interest, the court held the children's needs were better served continuing to live with the father in the blended family whether it was in the Florida Keys or somewhere in the Southeastern part of the United States.** Because the father probable relocation by the Coast Guard was known and considered by the Court at the March hearing, the Court finds no reason to preclude the father from taking the children from the lower Florida Keys to Charleston, South Carolina, on a temporary basis until the hearing can be held on the father's petition to permanently relocate.

(Emphasis added).

On July 23, 2024, the Mother filed her Objection to the Father's Supplemental Petition. On July 31, 2024, the Mother filed her Notice of Appeal of the non-final orders.

This Court has jurisdiction as the non-final orders concern rights regarding child custody and timesharing under a parenting plan, pursuant to

6

Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iii)(b). "We ordinarily review child custody decisions for an abuse of discretion, and we must affirm if the lower court's order is supported by competent, substantial evidence. To the extent such a decision implicates statutory interpretation and application, however, we conduct a de novo review." Ward v. Waters, 389 So. 3d 652, 654 (Fla. 3d DCA 2024) (internal citations omitted).

Upon review of the trial court's thorough assessment of the issues surrounding the best interest of the children, reflected in the trial court's detailed findings provided above, we find competent substantial evidence supporting the trial court favoring the temporary placement of the children with the Father and his blended family in South Carolina. See Rossman v. Profera, 67 So. 3d 363, 365 (Fla. 4th DCA 2011) ("Ultimately, the concern in a relocation determination is whether the relocation is in the best interests of the child."); Hardwick v. Hardwick, 710 So. 2d 124, 125 (Fla. 4th DCA 1998) (finding that the trial court is not required to make specific findings in regards to the statutory factors of section 61.13(2)(d), Florida Statutes).

On appeal, the Mother argues that Father's petition to relocate was legally insufficient claiming that the Father failed to include a revised postrelocation schedule and a proposal for postrelocation transportation pursuant to section 61.13001(3)(a)(6), Florida Statute (2024), relying heavily

on <u>Vanderhoof v. Armstrong</u>, 383 So. 3d 868 (Fla. 5th DCA 2024). We find <u>Vanderhoof</u> distinguishable where the Fifth District determined, "Mother's petition **offered nothing** that could be recognized as a postrelocation proposal, as it said only that the trial court should determine same." <u>Id.</u> at 872 (emphasis added). In contrast, the Father's petition referenced the recently ordered April 12, 2024 supplemental final order adopting child support guidelines worksheet and parenting plan, which determined that the children would maintain residence with the Father for 305 days of the year. The Father requested to "[m]aintain currently ordered time sharing agreements." Unlike the mother in <u>Vanderhoof</u>, the Father, appearing *pro se*, attempted to comply with the statutory requirements by proposing the formerly established plan, as opposed to "nothing." <u>Id.</u>

The Mother also argues that the trial court abused its discretion in temporarily granting the relocation without first conducting an evidentiary hearing, citing to <u>Mata v. Mata</u>, 75 So. 3d 341 (Fla. 3d DCA 2011). However, the Mother filed an untimely objection to the Father's petition on July 23, 2024 when the Father's petition had been filed on June 14, 2024, as admitted by the Mother on appeal. Section 61.13001(3)(a)(7), Florida Statutes (2024), provides in capital letters:

> A RESPONSE TO THE PETITION OBJECTING TO
> RELOCATION MUST BE MADE IN WRITING, FILED WITH THE

COURT, AND SERVED ON THE PARENT OR OTHER PERSON SEEKING TO RELOCATE **WITHIN 20 DAYS** AFTER SERVICE OF THIS PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, **WITHOUT FURTHER NOTICE AND WITHOUT A HEARING**.

(Emphasis added). Despite the plain language of the statute, the Mother argues "the best interest standard precludes a determination **merely** on the basis of a parent's default," citing to <u>Vaelizadeh v. Hossaini</u>, 174 So. 3d 579 (Fla. 4th 2015) (Emphasis added). Unlike in <u>Vaelizadeh</u>, the trial court's determination temporarily granting the relocation in favor of the Father was not based on the parent's default as the trial court did not acknowledge the tardiness of the objection. Instead, the determination was based on the trial court's thorough findings of the best interest of the children to allow the Father to temporarily relocate the children to South Carolina, supported by competent substantial evidence in the record, and any error was therefore harmless.

For the reasons stated, we affirm the trial court's temporary order permitting the Father to relocate the parties' two minor children to South Carolina to continue living with the Father and his blended family pending a final hearing.

Affirmed.