# Third District Court of Appeal

## State of Florida

Opinion filed April 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1642
Lower Tribunal No. 24-18342-FC-04
_____


**Juan Pablo Fuentes Neira**,
Appellant,

vs.

**Lina Marcela Cardona Acosta**,
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Stok Kon + Braverman, and Hanit Lyla Simon and Yosef Yitzchak Kudan and Alan J. Braverman (Fort Lauderdale), for appellant.

The Law Office of Jonathan Jonasz, PA, and Jonathan Jonasz, for appellee.


Before LOGUE, MILLER and BOKOR, JJ.

BOKOR, J.

Juan Pablo Fuentes Neira (Husband) appeals a non-final order granting Lina Marcela Cardona Acosta's (Wife) motion to ratify and enforce an agreement as a relocation agreement under section 61.13001(2), Florida Statutes. Husband argues that the agreement is legally insufficient because it does not lay out a timesharing schedule or arrange for transportation of the minor child to be relocated. For the following reasons, we agree and reverse.

## Background

On September 20, 2024, Wife filed a petition to dissolve her marriage and relocate back to her native Colombia with their five-year-old, Miami-born child. The petition alleged that Wife and Husband had previously entered into a written agreement consenting to the relocation, and that upon divorce all responsibility for the child's welfare should rest with Wife. The petition "suggests that the parties determine a schedule whereby the Husband has reasonable timesharing," and avers that Wife would "ensure that the Husband has liberal contact . . . . [including] various holidays and vacations." Husband's Answer affirmatively alleged that time-sharing was in the child's best interest and that the parties "have not agreed to any Parenting Plan."

On March 4, 2025, Wife filed a motion to ratify and enforce a relocation agreement. It attached a document titled "Settlement Agreement," executed between Husband and Wife in Colombia on June 30, 2021, after the parties

2

married but three years before she filed for divorce, and argued that the Settlement Agreement constituted a relocation agreement under section 61.13001(2). The motion prayed for ratification and enforcement "so that [Wife] and the minor child may return to Colombia." The Settlement Agreement memorializes an arrangement by which Husband would support Wife's travel between Colombia and Florida with the goal of the Husband obtaining a Green Card in the United States and the Wife accomplishing the minor child's "civil registration" in Colombia. To that end, Husband was to "grant the Wife the necessary exit permits" for these purposes, and the Wife would be permitted to travel with the minor child to Colombia.

While there is no transcript of the hearing, the order on appeal makes clear that Husband argued that the Settlement Agreement failed to include a time-sharing plan or transportation arrangements, as required by statute. The trial court found that the Settlement Agreement qualified under section 61.13001(2) because it documented Husband's consent and because he "never changed his mind" or contested the best interests of the child. The court explained that Husband's statutory interpretation produced an absurd result because, while the statute says parties "may satisfy" its requirements via written relocation agreement, they need not do so. The court reserved

3

jurisdiction to establish a time-sharing plan and the necessary transportation arrangements. This appeal timely followed.

## Standard of Review

Although we review a trial court's determination regarding a petition for the relocation of minors for abuse of discretion, see Mata v. Mata, 75 So. 3d 341, 342 (Fla. 3d DCA 2011), we review a trial court's interpretation of an agreement de novo. See, e.g., McIlmoil v. McIlmoil, 784 So. 2d 557, 562 (Fla. 1st DCA 2001) (reviewing marital settlement agreement de novo). And we review the interpretation of statutes de novo. B.Y. v. Dep't of Child. & Fams., 887 So. 2d 1253, 1255 (Fla. 2004).[1]

## Analysis

Under section 61.13001, Florida Statutes, a party intending to relocate fifty or more miles with a child may do so either via written agreement or an otherwise legally sufficient petition. White v. Lee-Yuk, 354 So. 3d 563, 565 (Fla. 3d DCA 2022). So while a party seeking relocation must present a

---

[1] Failure to provide the transcript of an evidentiary hearing is often fatal to an appeal under an abuse of discretion standard, see Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011) (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979)), but reversal is still appropriate where an error appears on the face of the record. See Andre v. Abreu, 272 So. 3d 467, 468 (Fla. 3d DCA 2019). And where we rely on de novo review of the interpretation of a contract and relevant statutory authority, the absence of a record does not impact our review.

legally sufficient petition, the parties "may satisfy" the statute by written relocation agreement. § 61.13001(2), Fla. Stat. And the plain language of section 61.13001(2)(a) mandates that a party intending to satisfy the statute via relocation agreement must point to a writing that (1) reflects the consent of all parties entitled to access or time-sharing with the child, (2) defines the access or time-sharing schedules, and (3) describes related transportation arrangements "if necessary." § 61.13001(2)(a)1.–3., Fla. Stat.; see also Gimonge v. Gimonge, 239 So. 3d 1275, 1277 (Fla. 5th DCA 2018).

The Settlement Agreement does not qualify as a statutorily sufficient relocation agreement. It does not define a time-sharing schedule. Wife's petition presupposes as much by "suggest[ing] that the parties determine a schedule whereby the Husband has reasonable timesharing," and promising that she would "ensure that the Husband has liberal contact" at her sole discretion. Neither does the agreement make necessary transportation arrangements for a five-year-old child to travel between Miami and Colombia.

## Conclusion

The Settlement Agreement fails as a relocation agreement under section 61.13001(2)(a). We reverse the order on appeal and remand for the trial court to enter an order denying Wife's motion to ratify and enforce the

Settlement Agreement as a relocation agreement under section 61.13001(2), Florida Statutes, without prejudice to the filing of a legally sufficient petition as appropriate.

Reversed and remanded with instructions.